JOSHUA SMALL *versus* THE INHABITANTS OF DANVILLE.

Towns and other *public* corporations are not liable for the unauthorized or wrongful acts of their officers, though done in the course and within the scope of their employment.

*Thus*, a town is not liable for the tortious use by a highway surveyor of private property for the purpose of constructing a culvert across a highway.

The ownership of manufactured materials lying upon land taken for a highway is not affected by the location; and the officers of the town have no right to use such materials in constructing the highway.

ON EXCEPTIONS to the ruling of DANFORTH, J.

TRESPASS to recover the value of a quantity of split stones used by the surveyor of the defendant town in constructing a culvert across the highway. The stones were lying upon the land taken for the highway, when it was located. The surveyor, who was also one of the selectmen, claimed the right to use the stone as materials found on the land taken for the highway.

The presiding Judge ruled that the defendants were not liable for the acts of the surveyor, and ordered a nonsuit; to which order the plaintiff excepted.

*David Dunn*, for plaintiff, in support of the exceptions, relied on *Thayer* v. *The City of Boston*, 19 Pick., 511.

*Record*, for defendants.

The opinion of the Court was drawn up by

DICKERSON, J. — Trespass for the alleged taking and appropriation, by one of the highway surveyors of Danville, of certain stone and other materials, in the construction of a culvert across one of its public highways. The case comes before us on exceptions to the ruling of the presiding Judge, who ordered a nonsuit at the trial before him.

It is clear that the act of the surveyor in using plaintiff's split stone in building the culvert was a trespass. The stones were split before the road was located, and were lying upon

the ground at that time. The statute allowing the owners of land, taken for highways, a year after the proceedings are closed, to take off "lumber, wood, or any erection thereon," does not divest such owner of his right subsequently to remove manufactured materials which were on land where the highway was located. Such property does not properly enter into the estimate of damages, caused by the location. The question to be determined is whether the defendants are liable for the trespass of the surveyor?

The liability of corporations for the tortious acts of their officers has frequently been discussed by courts and jurists, and the results arrived at have been regarded as not in harmony with each other. This supposed conflict of authority, it is believed, is for the most part rather apparent than real, and arises from not making the proper distinction in regard to the various kinds of corporations, their nature and objects, and the relation they and their officers sustain toward the public, and each other. To hold corporations, established for *public* or political objects, to the same strictness of liability for the unauthorized acts of their officers, as corporations instituted for *private* or pecuniary purposes, and to make a decision in the one case an authority in the other, would be to confound the clearly defined and recognized distinction between these two classes of corporations. In the case of *private* corporations, the rule of law is, that they are liable for the wrongful acts and neglects of their officers, done in the course and within the scope of their employment. In this respect, there is no difference in principle or precedent between the officers of such corporation, and the servants or agents of private persons, unless expressly made by act of incorporation or by-laws.

But a less stringent rule applies in regard to the liability of *public* corporations, which have powers granted for public purposes, such as towns, where the corporators have no private estate or interest in the grant. These are sometimes called *quasi* corporations, having powers coëxtensive only with the duties and liabilities imposed upon them by public

statute, and usage, in contradistinction from corporations invested with full corporate powers. The several towns in this State sustain the twofold character of corporations and political divisions. So far as they may own and manage property, make contracts, sue and be sued, they are corporations; but, in matters pertaining to the preservation of the public health and peace, the making and repairing of highways and bridges, the support of the poor and the assessment and collection of taxes, they are political divisions, established and designed the better to enable the inhabitants to exercise and enjoy portions of the political power of the State. The power to locate, discontinue, make and repair highways is part and parcel of the political government of the State. For convenience, this power is confided in many cases to town officers. The duties of such officers are defined and imposed by *public* statutes, and not by their respective constituencies. The duty of the constituency in these political divisions is to elect their officers; that of the officers is to obey the public statutes. The officers thus chosen are *public* officers to all intents and purposes; as clearly so as higher officers of the State in their sphere. In legal contemplation they are not the servants, or agents of their respective towns, but public officers. Being public officers of a public corporation, acting in its capacity as a political division, the corporation is not liable for their unauthorized or wrongful acts, though done in the course and within the scope of their employment.

In accordance with these principles, this Court held, in *Mitchell* v. *The City of Rockland*, 41 Maine, 363, that the city was not liable for the loss of a vessel by fire, while in exclusive possession of its health officers, obtained by their unauthorized acts. So, in *Lorillard* v. *The Town of Monroe*, 1 Kern., 392, it was decided that an action does not lie against a town for the amount of a tax erroneously assessed and collected, but not paid to the town treasurer.

In further illustration of the twofold character of municipal corporations, — the one *public* as a political division,

the other *private* as an instrument of personal advantage or emolument, — it is to be observed, that officers of a municipal corporation in its *private* character, as owner and manager of lands and houses or other property, are regarded as the servants or agents of such corporation, and the corporation, therefore, is liable for their malfeasance while acting in the course and within the sphere of their employment. Whether such officer, in a given case, exercises public or private powers, is to be gathered from the nature of the object for which the powers were granted. If these be conferred, not for public purposes, but for personal or pecuniary interest, the officer exercises *private* powers; if, on the contrary, the powers conferred are for *public* objects, he exercises *public* powers. In *Bailey & al.* v. *The Mayor, &c., of the City of New York*, 3 Hill, 531, the New York Court of Appeals held that the city was liable for injuries sustained by reason of the negligent and unskilful construction of a dam across the Croton river, built under direction of the commissioners, appointed under a special Act of the Legislature for supplying the city with water, on the ground that the erection being for the private advantage of the city, the commissioners were the servants or agents of the corporation, and not public officers. The same principle has been applied, where the trustees of a village were made commissioners of highways by its charter. *Conrad* v. *The Trustees of the Village of Ithica*, 2 Smith, (N. Y.,) 158; *Furze* v. *The Mayor of New York*, 3 Hill, 612; *Thayer* v. *The City of Boston*, 19 Pick., 511.

It is argued that the case of *Thayer* v. *The City of Boston* is conclusive in favor of the plaintiff's right to maintain this action. That, however, was the case of a city having full corporate powers, the officers whose acts are complained of being corporate officers. There was no prior authority or subsequent ratification by the town of Danville, as required in *Thayer* v. *The City of Boston*. The mere consent of the selectmen, if proved, would not be sufficient. The action cannot be maintained. *Mitchell* v. *City of*

*Rockland*, 41 Maine, 363; *Davis* v. *Bangor*, 42 Maine, 522. *Exceptions overruled.*

APPLETON, C. J., CUTTING, DAVIS and BARROWS, JJ., concurred.