358    SUPREME COURT OF WISCONSIN.    [80

The Merrill Railway and Lighting Co. vs. The City of Merrill.

THE MERRILL RAILWAY AND LIGHTING COMPANY, Respondent, vs. THE CITY OF MERRILL, Appellant.

*October 3 — October 20, 1891.*

*Municipal corporations: Lighting of streets, etc.: Power to incur indebtedness: Presumption.*

1. A city charter provides that "no tax for general city purposes shall be levied in any year exceeding two per cent. of the assessed valuation of the property in the city," and declares that "the city shall have no power to borrow money or contract any debt which cannot be paid out of the revenue of the fiscal year, which shall commence," etc. The city agreed to pay to an electric lighting company $2,050 per year for eight years, in quarterly instalments, for the lighting of its streets and its city hall. *Held,* that the city might make this contract if the indebtedness incurred thereon each year would not exceed the revenue of that fiscal year; and, upon a demurrer to the complaint in an action for unpaid instalments on the contract, it cannot be presumed that such indebtedness would exceed the revenue.

2. The charter also provides that, "in addition to the amount herein limited for taxes for general city purposes, special taxes may be levied for the purchase of fire-engines, cemetery grounds, public squares, gas purposes, and other objects of public utility; but no such tax shall be levied unless the same shall first be submitted to a vote of the people, and approved by them." *Held,* that this does not prohibit the common council from applying the two per cent. tax to any legitimate municipal purpose, including those above mentioned.

APPEAL from the Circuit Court for *Lincoln* County.

The facts are sufficiently stated in the opinion. The defendant appeals from an order overruling a general demurrer to the complaint.

For the appellant there was a brief by *S. M. Hoyt,* attorney, and *Cate, Jones & Sanborn,* of counsel, and the cause was argued orally by *Wm. F. Vilas* and *G. W. Cate.*

For the respondent there was a brief by *Curtis, Curtis & Reid,* and oral argument by *H. H. Curtis.*

COLE, C. J.   The question raised by the demurrer is, Had the defendant city authority under its charter to incur the indebtedness mentioned in the complaint?   The action is to recover two quarterly instalments, stipulated to be paid by the terms of the contract entered into by the common council of the city and the assignor of the plaintiff.   This contract provided for lighting the public streets of the city and the city hall with electric lights.   The contract has been assigned to the plaintiff company, which, it is alleged, has succeeded to the rights and interests of its assignor, and claims to have performed all the conditions of the contract on its part to be performed.   The contract was to continue for eight years, and the lights to be furnished were to be paid for at the rate of $2,050 per annum, payable quarter yearly during that period.   It is objected that the common council had no power to make such a contract under its charter.

Sec. 148 of the charter declares that " the city shall have no power to borrow money or contract any debt which cannot be paid out of the revenue of the fiscal year, which shall commence on the first day of December of each year." Ch. 32, Laws of 1885.   By sec. 147 it is provided that " no tax for general city purposes shall be levied in any year exceeding two per cent. of the assessed valuation of the property in the city in that year."   These provisions clearly restrict the power of the common council to contract debts and in raising money by taxation for general city purposes. Now, did it appear from the complaint, or were it a necessary inference from the facts stated therein, that the fund raised by the two per cent. tax had been exhausted, and that the indebtedness incurred on the contract would exceed the revenue of the fiscal year, we would hold the demurrer well taken.   But no such fact appears, nor can any such inference be made from what is stated.   That is defensive matter purely, and should be set up by answer, if

such be the case. The presumption must be that the city is able to meet its obligations and to pay its just debts, nothing appearing to the contrary. It is true the contract is to continue for eight years, but the city will have only to provide for and pay a debt of $2,050 during any fiscal year. We cannot presume that this sum will exceed the amount the city will realize by the two per cent. tax, or that the indebtedness incurred each year on the contract will go beyond the revenue of such fiscal year. Therefore, we are unable to sustain the position of the learned counsel for the city, that the common council had no power under its charter to make the contract for lighting its streets and public buildings.

But it is further objected that the power of the city to make such a contract is restricted by sec. 119 of the charter. That section provides as follows: "In addition to the amount herein limited for taxes for general city purposes, special taxes may be levied for the purchase of fire-engines, cemetery grounds, public squares, gas purposes, and other objects of public utility; but no such tax shall be levied unless the same shall first be recommended by the council, and afterwards submitted to a vote of the people, and approved by them. Whenever the council shall recommend such a tax, it shall specify the amount to be raised and the object thereof, and cause notice thereof and of the time and place of voting thereon to be published in the same manner as in case of the annual city election." Now, it is said that this provision clearly shows that the legislature intended that the power to raise money for lighting the public streets should only be exercised by the common council when the electors of the city by a vote have approved of such expenditure. We cannot concur in that construction of the various provisions of the charter referred to. According to our view, the common council can apply the two per cent. tax to any legitimate municipal purpose, in their

discretion. It is not claimed, nor can it well be with any reason, that the lighting of the streets of a city is not such a purpose; for it is obvious that it is as essential and necessary for the safety and convenience of the citizens that the streets of a city should be properly lighted at night as that they should be kept in repair for travel upon them. Indeed, the public use of the streets would be greatly impaired, if not wholly destroyed, if they were not lighted; and certainly the protection and safety of travelers upon them can only be secured by lighting them in cities and large towns, which are so frequently the resort of the criminal class.

The correctness of these remarks is too obvious to require any illustration or further comment. Our construction of sec. 119 is that it authorizes, in addition to the two per cent. tax, a special tax for the purchase of fire-engines, cemetery grounds, public squares, gas plants, and other objects of public utility, where the electors by a vote favor such an expenditure of money; but it does not, and was not intended to, prohibit the common council from purchasing these things if the two per cent. tax enables them to make such a purchase; for providing fire-engines to extinguish fires, or cemetery grounds in which to bury the dead, or the purchase of a gas or electric plant for lighting the streets, are all essentially works of public utility, and come within the objects for the attainment of which municipal governments exist, as much as any which can be suggested. But the legislature in the charter has placed a restriction on the power of the common council to raise a special tax for such objects, except with the concurrence of the electors of the city.

It follows from these views that the common council had authority to enter into the contract set forth in the complaint, and that the order of the circuit court overruling the demurrer must be affirmed.

*By the Court.*— Order affirmed.