Hillsborough,
June, 1895.

BLOOD *& a. v.* MANCHESTER ELECTRIC LIGHT Co. *& a.*

A taxpayer may maintain a bill in equity to restrain a municipal corporation and its officers from appropriating money raised by taxation to illegal or unauthorized uses.

A contract by a municipal corporation for the lighting of streets is not illegal or unauthorized, for the reason that it is to run for the term of ten years.

A bill in equity which alleges fraud in general terms without setting forth the facts constituting it, is bad on demurrer.

BILL IN EQUITY, by taxpayers of the city of Manchester, to set aside a contract made May 23, 1893, by the city councils of the city with the Manchester Electric Light Company for lighting the streets of the city for a period of ten years, on the ground that the councils did not have power to make a contract for such period, and that the contract is void because of fraudulent conduct of members of the city councils and of the agents of the company in making it. The facts constituting the alleged fraud are not set forth. The defendants demurred.

*David Cross, Sulloway & Topliff,* and *Burnham, Brown & Warren,* for the plaintiffs.

*James F. Briggs* and *Oliver E. Branch,* for the Manchester Electric Light Company.

*Edwin F. Jones,* for Manchester.

CHASE, J. In this state, taxpayers have a right to resort to equity to restrain a municipal corporation and its officers from appropriating money raised by taxation to illegal or unauthorized uses. *Brown* v. *Marsh,* 21 N. H. 81; *Merrill* v. *Plainfield,* 45 N. H. 126; *Gates* v. *Hancock,* 45 N. H. 528; *Greenland* v. *Weeks,* 49 N. H. 472, 480; *Brown* v. *Reding,* 50 N. H. 336, 348; *Brown* v. *Concord,* 56 N. H. 375. The remedy is direct, convenient, and adequate, and falls within the rule which entitles parties to the best practical remedy for the redress of their wrongs. The object of such a suit is to enforce a trust lodged with a municipal corporation in behalf of its taxpayers, a matter that is clearly within equity jurisdiction. 2 Dill. Mun. Cor., s. 915. The case is analogous to those in which stockholders of a private corporation resort to equity to have the corporation and its officers restrained from doing unauthorized acts. *March* v. *Railroad,* 40

N. H. 548; *Pearson* v. *Railroad*, 62 N. H. 357. If there are authorities to the contrary elsewhere, they are not approved. This cause of demurrer is overruled.

Another ground of demurrer is that the facts alleged in the bill do not show that the contract is void for want of power in the city councils to make it. The particular question submitted in this connection is whether it was within the power of the councils to make a contract for lighting streets for so long a term as ten years. The plaintiffs claim that the councils could not bind the city beyond the term of their office.

The powers of the city, and the authority of its councils to act for it, are conferred by statute. Section 1, chapter 40, Public Statutes, provides that, "Every town is a body corporate and politic, and by its corporate name may sue and be sued, prosecute and defend, in any court or elsewhere." Section 3 empowers a town to purchase and hold real and personal estate for the public uses of its inhabitants, and to sell and convey the same, and to "make any contracts which may be necessary and convenient for the transaction of the public business of the town." The lighting of public streets is public business, and towns are expressly empowered to vote money for that purpose. P. S., c. 40, s. 4. No limitation is put upon this power in reference to the lighting of streets that does not pertain to it in reference to other subjects. A town has as complete power to contract for lighting its streets as for building its highways or other public works. The only limitation is the general one, that the contract shall be " necessary and convenient " for the transaction of the town's business. This is simply a declaration of the common law applicable to all corporations, public as well as private, confining their powers to contract to those subjects which are necessary and proper to enable them to fulfill the object of their incorporation.

The city councils of Manchester were authorized to exercise the powers of the corporation, namely: " All the powers vested by law in towns, or in the inhabitants thereof." P. S., c. 50, s. 1; Laws 1846, c. 384, s. 14. This language excludes all ground for believing that the legislature intended to limit the authority of the councils so that they could not bind the corporation beyond the unexpired part of their term of office. The legislature would not leave such intention to be inferred from language which conveys no suggestion of the limitation. The necessity for continuity in the operations of the government is a reason why there should be no such limitation. The agencies of the government change, but the government goes on without interruption. The authority of the city councils while in office being coextensive with the powers of the city or its inhabitants, the limitation in their term of office is immaterial in the decision of

the question under consideration. The contract stands the same as if it had been made by a vote of the inhabitants acting under a town organization.

It is claimed by the plaintiffs that a town cannot bind itself by a contract for a term of years because it would disable the town from performing its legislative functions to their full extent for the time being. If this were so, a town's power to contract would be nominal rather than real; it would not answer the requirements of its business. If a town could disregard its contracts at will on the ground that it has no power to bind itself beyond the moment employed in making them, people would be reluctant to enter into contracts with it. A person would not ordinarily risk his labor and money in ventures so precarious,— certainly not unless the compensation corresponded to the risk. For example, if the city councils of Manchester had been able to induce any one to light its streets for a time to be measured by their will, and to furnish the necessary apparatus and fixtures for so doing,— which is doubtful,— they would have been able to do it only upon payment of a large price,— much larger than would have been necessary if the time of the service was fixed by the agreement of the parties. Moreover, a service depending upon such a contract would be unreliable and subject to constant interruptions, and would not meet the public needs.

The reason assigned for the disability alleged is not sound. In making contracts, a town or city does not act in its legislative capacity but in what is termed, for the sake of distinction, its private capacity. 1 Dill. Mun. Cor., *ss.* 27, 39. In this capacity it resembles an individual or private corporation; and its contracts have the same binding force upon it that the contracts of individuals and private corporations have upon them (*Greenland* v. *Weeks*, 49 N. H. 472, 480, *et seq.; South Hampton* v. *Fowler*, 52 N. H. 225, 231; *Small* v. *Danville*, 51 Me. 359, 361); and are equally protected by the federal constitution from impairment by subsequent legislation on the part of either the state or the town. *Fletcher* v. *Peck*, 6 Cranch 87; *Gale* v. *Kalamazoo*, 23 Mich. 344; *Board of Park Comm'rs of Detroit* v. *Common Council*, 28 Mich. 228; *Indianapolis* v. *Indianapolis Gas Light and Coke Co.*, 66 Ind. 396; *Valparaiso* v. *Gardner*, 97 Ind. 1; *New Orleans, Mobile & Chattanooga Railroad Co.* v. *New Orleans*, 26 La. An. 478, 481; *Philadelphia* v. *Fox*, 64 Pa. St. 169; *Western College* v. *Cleveland*, 12 Ohio St. 375, 377; 1 Dill. Mun. Cor., *ss.* 66, *et seq.*, 116. The city councils, in exercising the powers of the city, could determine the kind of lights to be used for lighting the streets, their location, when they should be lighted, and all other details of the business. They had power also to determine the length of time a contract for lighting should continue, in view

of the necessity and convenience of the service required.   If they, in good faith, exercised the discretion lodged with them, their contract is a legal contract and will bind the city the same as a similar contract made by the directors of a private corporation binds it.   *Dibble* v. *New Haven*, 56 Conn. 199; *Putnam* v. *Grand Rapids*, 58 Mich. 416, 419.   If they should make a contract for a term of unreasonable duration, this circumstance would be evidence of want of good faith on their part.   There is no better reason for claiming that they may bind the city for one hundred years if they can bind it for ten years, than there is for claiming that they cannot bind it for a day if they are incapable of binding it for a term of years.   Extreme cases either way furnish little aid in the argument, except to make more prominent as a test of good faith the reasonableness of the term when considered in view of the necessity and convenience of the undertaking.   This is the limit which the statute has placed upon their powers.   It does not appear that the councils went outside this limit in making the contract under consideration, and the bill cannot be sustained on that ground.   1 Dill. Mun. Cor., *ss.* 311 (*n.* 4), 319, 327.

The allegations of fraud, being in general terms without specifying the facts, are insufficient.   *Eastman* v. *Thayer*, 60 N. H. 408, 413.

*Demurrer sustained.*

All concurred.