Belknap,  }
Feb. 6, 1906. }

Cox & a. v. Jones & a.

Where a contract authorized by vote of a village district is such as the municipality is empowered to make, its execution cannot be enjoined on the ground that it will necessarily result in the breach of a prior agreement, nor because the action sought to be restrained was hasty and ill-advised.

Where a written contract in behalf of a municipality is presented to the voters and assented to by them, the fact that it is subsequently executed by a majority only of a committee appointed for the purpose is immaterial upon the question of its validity.

BILL IN EQUITY, to restrain the execution of a contract to light the streets of the Meredith Village Fire District, made between the district and the Meredith Electric Light Company. At the March term, 1905, of the superior court, the defendants' demurrer was sustained by *Stone*, J., subject to the plaintiffs' exception.

The allegations of the bill are in substance as follows: The plaintiffs are taxpayers in the district. In August, 1904, the district made a valid contract with responsible parties to light the streets for one year from September 1, and on September 7 made a contract with the Meredith Electric Company to light the streets for the term of five years from that date. The action of the district in making the latter contract was hasty and ill-advised, and the contract would not have been made if the district had not been governed by prejudice. The light furnished under the first contract was in every way adequate for the purpose for which it was provided. If the defendants are not enjoined, the plaintiffs, together with the other taxpayers in the district, will be com-

pelled to pay not only for lighting the streets, but also the damages which may be recovered because of the district's failure to perform its first contract. A written memorandum of the contract in question was presented to and adopted by the district meeting, and a committee of seven voters were directed by the meeting to execute the same in behalf of the district. A majority only of the committee signed.

*Jewett & Plummer* and *Jewell, Owen & Veazey,* for the plaintiffs.

*Charles B. Hibbard, Frank M. Beckford,* and *Bertram Blaisdell,* for the defendants.

YOUNG, J. The plaintiffs say that the court had jurisdiction to enjoin the defendants because (1) the contract with the defendant company was illegal, and because (2) it was not for the interest of the district to make such a contract.

The plaintiffs' first position has no foundation to rest upon; for the mere fact that the district intended when it made the second contract to refuse to carry out the first would not make the second illegal, even if its refusal to complete the first contract would make it liable for all damages which the parties with whom that contract was made should sustain by reason of the breach. A municipal corporation, as well as an individual, may refuse to proceed with a contract of this kind whenever it thinks it would be for its advantage to do so. *Wiggin* v. *Manchester,* 72 N. H. 576. In other words, notwithstanding the district must pay the injured parties all the damages they sustain, the law does not make the contract the district made with the defendant company illegal.

If the action of the district was hasty and ill-advised, that would not authorize the court to enjoin the defendants. Neither would the fact that the contract was not for the best interest of the district or of its inhabitants; for notwithstanding the court may enjoin a municipal corporation, at the suit of a taxpayer, from applying " money raised by taxation to illegal or unauthorized uses " (*Blood* v. *Company,* 68 N. H. 340), it has no authority to enjoin such corporation from doing what the law authorizes them to do. Dill. Mun. Corp., *ss.* 94, 475, 906–924.

If it be true that the execution of a power by a majority only of a committee appointed for that purpose by the district is not such an execution as will bind the district, the principle has no application to the facts. The written contract was presented to the voters and assented to by the district in open meeting. The only purpose of the signing by the committee was to furnish evidence of the contract that had already been made. The district

could not take advantage of the failure of its agents to act as they had been directed; and the court has no power, on the suit of a taxpayer, to enjoin the district from executing a contract which it is legally liable to perform.

<i>Exception overruled.</i>

All concurred.