JEREMIAH D. TOOMEY vs. THE CITY OF BRIDGEPORT
ET ALS.

Third Judicial District, New Haven, June Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and THAYER, Js.

The charter of the city of Bridgeport, as amended in 1893, provided that there should be appropriated for the use of each board of the city government, during each fiscal year, a certain sum based upon its estimate of its needs, and that no money not appropriated should be expended. A special act, approved February 28th, 1895, authorized the board of health to make contracts for the

removal of garbage for such time and at such prices as it should deem to be for the best interests of the city. Later on in the same session a revision of the charter was adopted, re-enacting the provision as to appropriations but not incorporating the special act with reference to garbage contracts. This revision repealed all inconsistent acts, but contained a clause saving contracts made or authorized. *Held* that, waiving the question of the repeal of the provision authorizing the board of health to contract for the removal of garbage, such board had power, under the revised charter, to make a fair and reasonable contract for a term of years which called for the payment of a sum greater in the aggregate than that appropriated for the year in which it was made, provided the amount to be paid in any one year did not exceed the appropriation made, or which might properly be made, for that year; that the known provisions of the charter limiting annual expenditures were to be considered as part of the contract, and the undertaking of the municipality, or board of health, to make the prescribed annual payments, was not an absolute one, but one conditional upon the future action of the city in making sufficient yearly appropriations.

Such restrictions upon annual expenditures, contained in municipal charters, ought not to be construed as prohibiting the city from making a reasonable contract for a term of years, for any legitimate and customary purpose, which is manifestly for its best interests.

Argued June 5th—decided July 30th, 1906.

Suit to determine the validity of a contract made by the board of health of the city of Bridgeport for the removal of garbage, and to restrain the city, pending suit, from making any payments thereon, brought to and reserved by the Superior Court in Fairfield County, *Gager, J.,* upon an agreed finding of facts, for the advice of this court. *Judgment advised for defendants.*

*John C. Chamberlain,* for the plaintiff.

*Stiles Judson* and *Thomas M. Cullinan,* for the defendants.

Hall, J. The complaint alleges, in substance, that the plaintiff is a resident and taxpayer of the city of Bridgeport; that in October, 1905, the board of health of that city, whose duty it was under the city charter to make contracts

Toomey v. Bridgeport.

for the removal of garbage and offal from dwelling-houses and other places within the city, made a contract with the defendants Reilly and King for the removal of such garbage and offal for a term of years, by the provisions of which they were to be paid more than $100,000 in various sums during said years, and more, in all, than the sum appropriated by the board of apportionment and taxation of said city for the use of the board of health for the then fiscal year, although the sum to be paid under the contract during the fiscal year in which the contract was made would not exceed the amount which had been appropriated for the use of said board during that year; that there had been no sum appropriated to meet the payments to be made upon the contract after said year; that by the terms of the city charter no board is empowered to make any contract which demands an expenditure greater than the amount appropriated for the use of such board; and that therefore said contract is void.

The plaintiff asks that the city and its officers be restrained from making further payments upon said contract, and that the contract be declared null and void.

The action was originally against the city only. Reilly and King were made codefendants upon their own motion.

The different defendants made the same answer, practically admitting the allegations of the complaint, excepting those alleging that by the terms of the charter no board is empowered to make any contract requiring an expenditure greater than the amount appropriated for the use of such board, and that the contract in question is void, which were denied.

The real issue between the parties is one of law; the question being whether under its present charter the board of health of the city of Bridgeport is empowered to make a contract for the collection and removal of garbage and offal within the city for a term of years, which provides for certain similar payments during each year of the term, the aggregate amount of which exceeds the sum already appropriated by the board of apportionment and taxation for

the use of said board during the fiscal year in which the contract is made, but for payment, during said fiscal year, of an amount no greater than the sum so appropriated, and which does not contemplate a payment during any year of said term of a sum greater than the amount which may be appropriated for that purpose for such year.

The contract in question was for the term of ten years from November 25th, 1905, at which date the term of a similar contract for a like period, made by the board of health with the plaintiff, expired. By the terms of the contract $2.32 was to be paid by the city for each ton of garbage collected and delivered as provided in the contract. The board of apportionment and taxation have appropriated for the use of the board of health for the fiscal years ending March 31st, 1906, and March 31st, 1907, a sum which will enable it to pay the sums required by the terms of said contract during that period.

An ordinance adopted by the common council of the city of Bridgeport provides for the appointment of a board of health consisting of four members, at least two of whom are to be physicians, whose duty it is to provide for the collection, removal and disposal of all garbage and offal within the city, and to make contracts therefor.

The charter of the city, as amended in 1893, provided for the appointment of a board of apportionment and taxation, having the power to make appropriations and lay taxes for all city purposes, and to whom each board of the city government, under whose control money was expended, was required to report an estimate of the amount required by it for the next ensuing fiscal year; that said board should have no power to make appropriations in excess of the revenues of the city; that in no case should the expenses of the city exceed its revenues for any year, except in cases of authorized issues of bonds; and that no money, other than that so appropriated by said board, should be expended for any purpose, unless a special appropriation should be made therefor, from unappropriated revenues, in the manner therein provided; and that no appropriation

for any specific purpose should be expended for any other purpose.

A special act of the General Assembly approved February 28th, 1895, provided "that the charter of the city of Bridgeport be, and the same hereby is, amended so that the board of health of said city shall be, and the same hereby is, empowered to contract for the collection, removal, and disposal of garbage and offal in said city, for such period of time and at such price as said board of health shall deem to be for the best interests of the city." 12 Special Laws, p. 7.

By special act passed at the same session of the legislature, approved July 1st, 1895, a revision of the city charter was adopted, re-enacting in substantially their original language the provisions above described of the charter as amended in 1893, creating and defining the duties of the board of apportionment and taxation, and limiting its power to make appropriations, and restricting the expenses of the city, and forbidding the expenditure of any money other than that appropriated. The said Act of that session approved February 28th, 1895, and recited above, was not incorporated in said revision adopted July 1st, 1895, and a provision of said revision repealed all inconsistent acts, but provided that nothing therein should impair or affect "any contracts made or authorized to be made by, with, or in behalf of, the city or town." 12 Special Laws, pp. 515–560.

The plaintiff contends that by this last legislation of July 1st, 1895, the Act of the previous February, empowering the board of health to make a contract for the removal of garbage for a term of years, was repealed, and that therefore the contract in question is forbidden by the charter, and that further payments under it should be enjoined.

As reasons why the Act of February 28th should not be held to have been repealed by that of the following July, the defendants urge that they are both acts of the same session of the legislature respecting the same subject; that the

first is neither expressly repealed by, nor inconsistent with, any express provision of the second, and that since the first authorizes the making of a contract by and in behalf of the city, it is within the proviso of the repealing clause of the second.

While we appreciate the force of these arguments of the defendants, we find it unnecessary to decide whether the Act of February 28th has been repealed; since, without reference to that question, we are of the opinion that the making of the contract in question is not prohibited by the charter.

What is intended to be forbidden by these restrictions upon appropriations and expenditures contained in the charter, is the appropriation or expenditure of money, by the city or any of its boards during any one fiscal year, in excess of its revenue or of the appropriations made by its board of apportionment and taxation for that year, except in case of the issuing of bonds.

There is a clear distinction between the expenditure of a sum, or the making of a contract creating a present indebtedness for a sum, during any one year, in excess of the revenues or appropriations for that year, and a contract stipulating for the payment of annual sums creating an annual indebtedness for several years, the aggregate amount of which payments or debts would exceed the revenue or appropriation for any one year, but no one of which annual payments or debts would exceed the revenue or appropriation for the year in which it was to be made or incurred. Such restrictions in municipal charters upon the expenditures of each year as those contained in the one before us are not to be construed as prohibiting municipalities from making contracts for a reasonable term of years for usual and necessary things, and stipulating therein for annual payments which will be within the revenue and appropriations for the several years in which they are to be made, when it is for the best interests of the municipalities that such contracts should be made, and their provisions are fair and reasonable. It would be unfortunate for its taxpayers

if a municipality was required each year to make a new contract for the removal and disposal of its garbage, or for its supply of water or gas and like necessaries. The fact that persons and corporations taking such contracts must necessarily incur a large expense in merely preparing a suitable plant and equipment for performing the work to be done, would generally make it necessary for municipalities to expend a much larger sum to procure the performance of such a contract for a single year, than the annual sum required to be paid under such a contract for a term of several years. The plaintiff makes no claim that any provision of the contract is unfair or unreasonable. There is no suggestion in the complaint that it would not be for the best interests of the taxpayers and inhabitants of the city, not excepting the plaintiff, that the contract in question should be performed.

When correctly interpreted, the contract protects the taxpayers and inhabitants of the city against the expenditure of money prohibited by the charter. The known provisions of the charter limiting annual expenditures are to be considered as parts of the contract. When the contract is so read, the undertaking of the city, or the board of health, to make the payments provided in the contract, is not an absolute but a conditional one. The payments are to be made each year only upon performance of the work by the contractors, and from money which may be appropriated that year, by the board of apportionment and taxation, to be expended under the direction of the board of health. If in any year no appropriation should be made, to meet the payments provided for by the contract, the defendants Reilly and King could not be required to perform their part of the agreement, and they would have no right of action against the city for damages for breach of contract. The proper appropriations having been made each year and the work performed, the contractors would have a legal claim against the city for the sum to be paid to them by the terms of the agreement.

In our opinion the weight of authority as well as of

Toomey *v.* Bridgeport.

reason favors the construction of such limitations in municipal charters, and of such contracts made under them, which we have adopted, although the decisions upon this subject are not entirely harmonious. The following are among the authorities supporting such construction: *Churchward* v. *The Queen*, L. R. 1 Q. B. 173, 210; *Bradley* v. *United States*, 98 U. S. 104, 112; *Walla Walla* v. *Walla Walla Water Co.*, 172 U. S. 1, 19 Sup. Ct. Rep. 77; *Smith* v. *Dedham*, 144 Mass. 177, 10 N. E. 782; *Valparaiso* v. *Gardner*, 97 Ind. 1, 4; *Crowder* v. *Sullivan*, 128 id. 486, 28 N. E. 94; *McBean* v. *Fresno*, 112 Cal. 159, 44 Pac. 358; *Higgins* v. *San Diego*, 118 Cal. 524, 45 Pac. 824, 50 id. 670; *Grant* v. *Davenport*, 36 Ia. 396; *Ludington Water-Supply Co.* v. *Ludington*, 119 Mich. 480, 78 N. W. 558; *New Orleans Gas Light Co.* v. *New Orleans*, 42 La. Ann. 188, 7 So. 559; *Merrill Ry. & Ltg. Co.* v. *Merrill*, 80 Wis. 358, 49 N. W. 965; *Stedman* v. *Berlin*, 97 Wis. 505, 73 N. W. 57; *East St. Louis* v. *East St. Louis G. L. & C. Co.*, 98 Ill. 415; *Carlyle Water, L. & P. Co.* v. *Carlyle*, 31 Ill. App. 325; *Saleno* v. *Neosho*, 127 Mo. 627, 30 S. W. 190; *Weston* v. *Syracuse*, 17 N. Y. 110; *Hinkle* v. *Philadelphia*, 214 Pa. St. 126, 63 Atl. 590.

The Superior Court is advised to render judgment for the defendants.

Costs in this court will be taxed in favor of the defendants.

In this opinion the other judges concurred.