Merrimack, ⎱
Dec. 5, 1933. ⎰

JAMES M. LANGLEY *v.* ROBERT W. BROWN & a.

*Robert J. Kelliher*, (by brief and orally), for the plaintiff.

*Demond, Woodworth, Sulloway & Rogers* (*Mr. Demond* orally), for the defendants.

PEASLEE, C. J.   The railroad has performed its statutory duty by providing a bridge which measures up to the statutory test (P. L., c. 249, s. 1) of suitability for travel thereon.   The city desires a bridge which will furnish more ample provision for traffic.   It is conceded that while the bridge passes the statutory test it is lacking such provision for the accommodation of travel as that afforded by adjacent parts of the highway.   It is also conceded that in the construction of these other parts of the highway authority to expend public funds has not been exceeded, and that if the bridge in question were not over a railroad the proposed action of the city would be an authorized one.

The issue in the case comes down to this: may a municipality expend money to improve a bridge in a line of highway and over a railroad, so that it will correspond with adjacent highway construction, when the bridge without such improvement answers to the statutory test of minimum sufficiency?

No question is made as to the right of the city, as against the railroad, to interfere with the structure provided by the latter.   Those two parties are in agreement as to what may be done.   Nor is there any issue as to what the status of those parties may be as to the new structure after it has been completed.   No opinion is intended to be expressed herein as to either of these matters.

It is plain that a municipality has a considerable leeway as to the degree of perfection of its highways.   The statutory requirements of suitability for travel thereon (P. L., c. 82, s. 1) must be fulfilled.   Beyond that, and within the limits of reason at the least, it is for the municipality to determine how fine or perfect its highways shall be.

It is only up to this lower limit of suitability that any duty is imposed upon the railroad.   It has no further obligation.   Reason would dictate that if the municipality desires to go further, within its general power as to highways, it should have the same authority to act as to railroad crossings which it has as to highways in general, when no question of interference with the rights and duties of the railroad is involved.

The answer made to the foregoing is that it has been judicially declared that "The bridge is a part, not of the town way, but of the railway" (*Worcester &c. Railroad* v. *Nashua*, 63 N. H. 593, 596), and that the modern statutes relating to state and state-aided roads "purport

to deal solely with highways, and contain nothing to indicate an intention to include structures not parts of the highways but parts of a railroad's right of way which it was bound to keep in repair suitable for the public travel thereon." (*Laconia* v. *Railroad*, 81 N. H. 408, 411).

In each of those cases the issue to be decided was the extent of the railroad's statutory obligation. The question now present was not involved in either instance. While the language used might well have been qualified so as to limit its application to the question to be decided, it is manifest that there was no purpose to foreclose the consideration of issues not there involved. And in the earlier case (*Worcester &c. Railroad* v. *Nashua*, 63 N. H. 593, 596), the whole situation is correctly described as "a crossing of two highways."

There is nothing in either case denying the proposition that, while these crossings and bridges are parts of the railroad's right of way which it is bound to keep up to the minimum standard, there still exists a municipal power to expend money thereon in order to bring them to a higher state of highway usefulness.

It would be an anomalous condition if a city, which had constructed a fine and ornamental boulevard on each side of a railroad overpass, were powerless to improve the overpass to correspond with its approaches, although the railroad could not be required to take such action. We do not think the legislation upon the subject compels such a conclusion.

Some point is made because the action contemplated is a destruction of the present bridge and the erection of a new one. This does not alter the legal aspect of the case. The bill admits that the proposed method of accomplishing the desired improvement is a reasonable one. Since the city has the legal power to make the improvements, it follows that it may go about the project in any reasonable way. The purpose of the proposed expenditure being one authorized by law, the court has no power to sit in judgment upon the advisability of embarking upon the enterprise. *Parker* v. *Concord*, 71 N. H. 468; *Cox* v. *Jones*, 73 N. H. 504; *Clough* v. *Verrette*, 79 N. H. 356.

*Demurrer sustained.*

All concurred.