Strafford, Sept. 7, 1948. } No. 3784.

LOUIS STOCKLAN *v.* WOODBURY BRACKETT *& a.*

*John F. Beamis* (by brief and orally), for the plaintiff.

*Hughes & Burns* and *Donald R. Bryant* (*Mr. Bryant* orally), for the defendants.

PER CURIAM. The contention of the defendants that by reason of the provisions of the city charter as to notice of claim quoted above the present petition should be dismissed, must be rejected. There is no reason to believe that this section was intended to change the well established rule in this jurisdiction, that equity may restrain the unlawful appropriation of public funds. *Blood* v. *Company*, 68 N. H. 340; *Childs* v. *Company*, 70 N. H. 318; *Clough* v. *Verrette*, 79 N. H. 356; *Conway* v. *Water Resources Board*, 89 N. H. 346. Cases in other jurisdictions indicate that such provisions are not intended to prohibit the determination of the legality of municipal action without notice prior to suit, although reasonable notice may properly be required as a condition precedent to action upon claims against a municipality. 52 A. L. R. 640, 659. This interpretation of section 51 is strengthened by the provision of section 40 as follows: "A tax-

payer or resident may maintain a civil action to restrain payment of compensation to persons unlawfully appointed or employed or to recover for the city any sums paid contrary to the provisions of this charter." This appears to give the petitioner specific authority to maintain the present action.

The contention of the plaintiff that the contract which the city proposes to make with the company is illegal because a reappraisal of all the property in the city of Dover has not been ordered by the Tax Commission, must likewise be rejected. While the Tax Commission may order a reassessment (R. L., c. 82, s. 12), there is nothing in our laws which prohibits municipalities from making re-appraisals of taxable property without an order of the Tax Commission.

It is also argued by the plaintiff that the proposed contract is unlawful since it deprives the city assessors of their authority to value all property to be taxed. A *dictum* in *Hayes* v. *Hanson*, 12 N. H. 284, 289, furnishes some support for the argument. The answer to this argument is that the contract does not propose delegation of the assessor's authority, but on the contrary provides that the judgment of the city assessor shall be final upon all assessments. *Conroy* v. *City of Battle Creek*, 314 Mich. 210. See also note on "The Use of Scientific Valuation Procedure in Real Property Tax Assessment." 30 Marquette Law Rev. 125 (1946).

The plaintiff also argues that the contract violates section 31 of the city charter which provides as follows: "After the budget has been adopted, no money shall be drawn from the treasury of the city, nor shall any obligation for the expenditure of money be incurred, except pursuant to a budget appropriation unless there shall be a specific additional appropriation therefor." Section 7 of the proposed contract provides as follows: "Compensation and Terms. The City of Dover hereby agrees that in consideration of the services to be performed by the Company, the Cole-Layer-Trumble Company shall be entitled to receive the sum of Thirty-five Thousand Five Hundred Dollars ($35,500), subject to the terms, conditions and provisions hereinafter set forth. Payment of said sum of Thirty-five Thousand Five Hundred Dollars ($35,500) is to be made on the following basis: Fifteen Hundred Dollars ($1,500) on or before December 31, 1948; Ten Thousand Dollars ($10,000) on or before December 31, 1949; Ten Thousand Dollars ($10,000) on or before December 31, 1950; and the balance on or before December 31, 1951, with the privilege on the part of the City of (a) paying all or any part of the unpaid balance due at any time before said payments become due and payable, and (b) ter-

minating this agreement at any time upon fifteen (15) days' notice. The liability of the City for services to be rendered in 1948 shall not exceed Fifteen Hundred Dollars ($1,500)."

The only obligation presently imposed upon the city by the proposed contract is an obligation to pay fifteen hundred dollars during the year 1948. An appropriation in excess of this amount is already included in the current appropriations for the assessors' department. Therefore the above obligation for $1,500 does not violate the provisions of section 31. As to the balance of the payments coming due in the future, no obligation is incurred until the services of the company have been satisfactorily rendered and, under the terms of the statute, until an appropriation is made. The prohibition of the statute is against incurring obligation by contract in the absence of a sufficient appropriation. Its terms by implication become terms of the contract. In the absence of supporting appropriations in future years, no contractual obligation will arise. Such restrictions are not to be construed to prohibit a contract for a reasonable term of years when it is for the best interest of a municipality (*Toomey* v. *Bridgeport*, 79 Conn. 229), or to require that the entire sum to be paid at regular intervals during several years be appropriated at the start. *Clark* v. *Fall River*, 219 Mass. 580. Incurrence of obligation by the city of Dover is conditioned upon satisfactory performance of the contract by the company, and appropriation by the city of funds for payment during each year of the contract. If some obligation might result in the absence of either, it would be non-contractual, and not within the prohibition of the statute. The provision that the city may terminate the contract upon fifteen days' notice adequately protects it against liability in case no further appropriations are made. In the view adopted, no payment is required by the contract in the absence of appropriation. Hence no obligation is incurred until payment is due. *Clark* v. *Fall River; Toomey* v. *Bridgeport, supra.* See also, note in 37 L. R. A. (n. s.) 1058, 1063; 103 A. L. R. 1160. In accordance with the principle that a contract for future services, to be paid for as rendered, is not an incurring of indebtedness, (*Ludington Water Supply Company* v. *City of Ludington*, 119 Mich. 480, 491) we hold that the provisions of the city charter above quoted do not render the proposed contract illegal but constitute a part thereof, controlling liability thereunder. The mere fact that the proposed contract extends beyond the current year is not fatal under our decisions. *Blood* v. *Company*, 68 N. H. 340; *Meredith* v. *Fullerton*, 83 N. H. 124.

We are not called upon to decide what the rights of the company may be in case of a cancellation of the contract by the city.

None of the grounds on which the injunction is sought being sustainable upon the record before us, the order is

*Bill dismissed.*

JOHNSTON, J., was absent.