Strafford
No. 7432

ROCHESTER EDUCATION ASSOCIATION & *a.*

v.

CITY OF ROCHESTER & *a.*

June 30, 1976

*McLane, Graf, Greene, Raulerson & Middleton* and *Stephen E. Borofsky (Mr. Jack B. Middleton* orally) for the plaintiffs.

*Fisher, Parsons, Moran & Temple (Mr. Robert E. Fisher* orally) for the defendants city and school board.

GRIFFITH, J.   Petition for declaratory judgment by plaintiff Rochester Education Association seeking a determination as to whether a multi-year collective bargaining agreement between the plaintiff and the defendant school board is binding upon the defendants for the school year 1975-76, and whether a certain city ordinance controls the terms of the agreement. After two hearings, the Trial Court *(Mullavey,* J.) found for the plaintiff on both issues and denied defendants' motion to dismiss on the ground that no justiciable controversy exists. All questions of law raised by defendants' exceptions were reserved and transferred.

The plaintiff association, which has been recognized as the exclusive bargaining representative of the professional employees of the Rochester school system, has for the past several years negotiated collective bargaining agreements with the defendant school board. Negotiations begun in the winter of 1974 culminated in August of that year in a proposed agreement for the school years 1974-75 and 1975-76. The association formally ratified the proposed agreement, and the board's negotiation committee recommended that the board accept it. However, at the request of Mayor Shaw, ex-officio chairman of the board, ratification was deferred pending review of the proposed contract by the city solicitor, Paul B. Urion, Esq. The city solicitor detailed a number of objections, including particularly objection to article II of the agreement, which dealt with sick leave. Article II provided:

"Each new teacher shall be granted ten (10) days per year. These sick leave days are to be cumulative and unlimited in number."

While the agreements of several previous years had contained identical language, the city solicitor concluded that article II was in violation of chapter XXV, section 2, sub-section G of the ordinances of the city of Rochester. The ordinance provides in pertinent part:

"G.  Each full-time employee of the City shall be allowed (10) days maximum sick leave in any twelve-month period accumulative to fifty (50).

The association took the position that teachers are employees of the school district rather than of the city, and that therefore the

ordinance had no bearing on the proposed agreement. The parties could not resolve this dispute, and so agreed to amend article II as follows:

> "Each new teacher shall be granted ten (10) days per year. These sick days are to be accumulated to a maximum of fifty (50) days until the attorney for the Board and the Association agree to a further solution. This in no way means to deprive either side of their legal rights."

While negotiations between the parties on unresolved issues has continued the defendants agree that there was a valid and binding contract for the school year 1974-75 but deny that a multi-year contract could be binding on the school board. Relying on this later position the defendants deny there was any contract for the year 1975-76.

Initially the defendants argue that the issues in dispute are not properly determined in a declaratory judgment action. Their reliance on *Piper v. Meredith,* 109 N.H. 328, 251 A.2d 328 (1969) is misplaced. Unlike *Piper v. Meredith,* the case before us concerns a dispute between the parties over their rights under an existing binding contract and does not constitute a demand for advice as to future cases. *See Wuelper v. University of N.H.,* 112 N.H. 471, 298 A.2d 747 (1972). Declaratory judgment is a broad remedy and should not be denied when the facts before the court will permit a conclusive determination of the dispute between parties before "obligations are repudiated and rights invaded." *Portsmouth Hospital v. Indemnity Ins. Co.,* 109 N.H. 53, 55, 242 A.2d 398, 400 (1968).

The trial court correctly ruled that the applicability of the ordinance on sick leave for city employees had already been decided adversely to the defendants in the recent case of *Tappan v. Shaw,* 113 N.H. 353, 306 A.2d 762 (1973). In *Tappan,* as here, we were asked to decide whether school teachers were subject to a Rochester city ordinance directed to city employees. We held that school teachers are employees of the school district not the city and that ordinances directed at city employees are not applicable to school teachers. While this would appear to be dispositive of the issue defendants urge that because of section 4 of the Rochester city charter the ordinance must be held applicable to teachers. Section 4 of the Rochester city charter provides for the vesting in the city council of "all fiscal and prudential affairs of the School District."

Apparently the theory of the defendants is that in Rochester the city council is the employer of school teachers rather than the school board and therefore school teachers are employees of the city rather than of the school board.

While the logic of the argument appears somewhat tenuous, in any event it is based upon a false initial premise that the general management and control of the public schools is vested in the city council. RSA 189:1-a (Supp. 1975). RSA 189:39 (Supp. 1975) provides that school boards elect all teachers employed. Charter provisions similar to this have consistently been interpreted by this court to signify that the city council is the appropriating agency while the school board is the manager and controller of the public schools within the limits of the appropriation made by the city council. *Laconia Bd. of Educ. v. Laconia,* 111 N.H. 389, 392, 285 A.2d 793, 795 (1971); *Ashley v. School Dist.,* 111 N.H. 54, 274 A.2d 795 (1971). *See also* Regulation of the State Board of Education, which states that the local school boards shall determine "the recruitment, employment, evaluation, and dismissal of teachers and other employees."

The trial court ruled that the school board was not prohibited from entering into multi-year agreements. Since the defendants neither briefed nor argued the issue it may be considered waived, but in view of the public issues involved we deem it expedient to note that this ruling was correct. RSA 194:2; *Stocklan v. Brackett,* 95 N.H. 227, 61 A.2d 140 (1948); *Blood v. Electric Co.,* 68 N.H. 340, 39 A. 335 (1895); *see Leavitt v. North Hampton,* 98 N.H. 193, 197, 96 A.2d 554, 557 (1953).

*Defendants' exceptions overruled; remanded.*

All concurred.