Rockingham,
No. 5688.

## PORTSMOUTH HOSPITAL

*v.*

## INDEMNITY INSURANCE COMPANY OF NORTH AMERICA.

Argued December 5, 1967.
Decided May 29, 1968.

*Orr & Reno, John W. Barto* and *Richard B. Couser (Mr. Couser* orally), for the plaintiff.

*Devine, Millimet, McDonough, Stahl & Branch (Mr. Shane Devine* orally), for the defendant.

LAMPRON, J. Petition for declaratory judgment under RSA 491:22 brought by the plaintiff to determine its rights under a bodily injury liability policy issued to it by the defendant. The matter was submitted to the Trial Court (*Dunfey,* J.) on an agreed statement of facts. The Court reserved and transferred without ruling two questions of law raised thereby.

On November 3, 1958, Mark Ward, of Portsmouth, an infant of 14 months, underwent an operation at the Portsmouth Hospital during which he suffered a cardiac arrest and his brain apparently suffered irreversible damage. During the following three years Mark remained in the hospital and was cared for by plaintiff's personnel without payment by his parents, who refused to remove him therefrom, or by anyone else.

In January 1962, the plaintiff, believing it desirable to institute action to effect the removal of Mark to another institution, communicated its intention to do so to the defendant (INA) and the latter's counsel. In answer thereto INA's counsel stated in part, in a letter dated January 10, 1962: "You realize that . . . [your proposed action] will mean an immediate law suit, and if liability can be established against the Hospital, the verdict might far exceed your insurance coverage and cause you a substantial financial loss . . . [W]e believe that under the terms and conditions of your policy we are entitled to your cooperation." Within

a month thereafter, counsel for INA received a demand from counsel for Mark which was in excess of the limits of coverage provided by the policy furnished by it and transmitted this demand to counsel for the hospital.

Additional discussion and correspondence occurred between counsel for both parties. Counsel for the hospital inquired if INA would agree that any legal action taken by the hospital to remove Mark would not constitute lack of cooperation under the terms of the policy. Counsel for defendant replied that INA would neither approve any attempt at removal of Mark, nor give any assurance that an attempt at such removal would not prejudice the rights of the hospital under the policy. Counsel stated further that, if such attempt at removal resulted unfavorably, INA would consider any rights it might have under the cooperation clause of its policy. An exchange of letters took place between the parties in February 1965 with no change in the position of the parties resulting therefrom.

The legal questions transferred are the following:

"1. Whether any attempt on the part of Portsmouth Hospital to remove an infant patient, Mark Ward, to other facilities would constitute a breach of the cooperation clause of its insurance policy?

"2. Whether the issue set forth in number 1, above, can properly be determined at this time by means of a Declaratory Judgment?"

Considering the questions in reverse order, RSA 491:22 reads "Any person claiming a present legal or equitable right or title may maintain a petition against any person claiming adversely to such right or title, to determine the question as between the parties, and the court's judgment or decree thereon shall be conclusive." Declaratory relief is a broad remedy and the statute itself, as well as petitions thereunder, must be liberally construed so as to effectuate the evident purpose of the law. *Faulkner* v. *Keene,* 85 N. H. 147, 154-156; *Burke* v. *City and County of San Francisco,* 65 Cal. Rptr. 539, 540 ( Cal App. 1968 ); 22 Am. Jur. 2d, Declaratory Judgments, *s.* 8, *pp.* 843, 844.

The distinguishing characteristic of the action is that it can be brought before an actual invasion of rights has occurred. It is intended to permit a determination of a controversy before obligations are repudiated and rights invaded. *Leavitt* v. *North*

*Hampton*, 98 N. H. 193, 195; *Villars* v. *Portsmouth*, 100 N. H. 453, 454; *Vlahos Realty Co.* v. *Little Boar's Head Dist.,* 101 N. H. 460, 465; 20 Appleman, Insurance Law and Practice, *s.* 11332, *p.* 104 ( 1963 ). "If the controversy be one that would be justiciable under the law, provided either party had violated the right claimed by the other, it is justiciable under the act as soon as the essential facts arise. Claim of legal or equitable right on the one hand and its denial on behalf of an adverse interest constitute a cause for proceeding for a declaratory judgment." *Faulkner* v. *Keene,* 85 N. H. 147, 155; *Hermer* v. *Dover,* 105 N. H. 108. In short, the remedy of declaratory judgment affords relief from uncertainty and insecurity created by a doubt as to rights, status, or legal relations existing between the parties. *Faulkner* v. *Keene, supra,* 156; 12 Am. Jur. 2d, Declaratory Judgments, *s.* 11, *pp.* 849-851. See *Bourazak* v. *North River Insurance Company,* 379 F. 2d 530 ( 7th Cir. 1967 ).

On November 3, 1958, Mark Ward suffered a cardiac arrest in the course of an operation at the plaintiff hospital which apparently caused him irreversible brain damage. The defendant INA insured the plaintiff for its liability, if any, therefor. The hospital has cared for Mark in its facilities at its own expense since that time. It alleges in its petition that for the benefit of Mark and to relieve the hospital from the financial burden which it has carried since the accident, it deems it desirable to institute legal action "directed at the removal of Mark Ward from its hospital followed by his transfer to some other institution with facilities better able to care for him." It further alleges that the hospital has taken no such action because it is uncertain of its rights under the policy issued to it by INA.

According to the agreed facts the defendant, although requested to do so, will neither approve any attempt by the hospital to remove Mark Ward, nor will it give assurance that an attempt at such removal would not prejudice the rights of the hospital under the policy. Furthermore INA has stated that if such an attempt resulted unfavorably it would consider any rights it might have under the cooperation clause of the policy.

We are of the opinion that the above facts constitute a genuine controversy between the hospital and INA as to their respective rights and obligations under the cooperation clause of the policy. Furthermore the facts are sufficiently complete to place the parties

"in gear" and to permit an intelligent and useful decision to be made. *Merchants Mut. &c. Co.* v. *Kennett,* 90 N. H. 253, 255; *Hermer* v. *Dover,* 105 N. H. 108; *California Water & Telephone Co.* v. *County of Los Angeles,* 61 Cal. Rptr. 618, 623.

The fact that Mark Ward and his parents are not parties to these proceedings does not prevent this petition for declaratory judgment from being entertained. Unlike section 11 of the Uniform Declaratory Judgment Act ( 9A U.L.A., *p.* 351 ), RSA 491:22 does not provide that "all persons shall be made parties who have or claim any interest which would be affected by the declaration." On the contrary it provides that "any person claiming a . . . right . . . may maintain a petition against any person claiming adversely . . . to determine the question as between the parties." Thus the rights of persons not made parties to the petition are not affected by the resulting decree. 22 Am. Jur. 2d, Declaratory Judgments, *s.* 102, *pp.* 971-972; Restatement, Judgments, *s.* 77, *comment* b. Consequently although Mark and his parents would be proper parties they are not necessary parties to the proceedings. *Allstate Insurance Company* v. *Philip Leasing Company,* 214 F. Supp. 273, 276 ( W. D. S. D. 1963 ); *Holly Sugar Corp.* v. *Fritzler,* 42 Wyo. 446, 484. See Annot. 71 A.L.R. 2d 723, 733.

The answer to question No. 2 is "Yes" the issue of cooperation under the policy "can properly be determined at this time by means of a Declaratory Judgment."

The cooperation clause in the policy reads as follows: "The insured shall cooperate with the company and upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining attendance of witnesses and in the conduct of suit. The insured shall not, except at his own risk, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the accident."

The hospital's contemplated legal " action directed at the removal of Mark Ward from its hospital followed by his transfer to some other institution with facilities better able to care for him" does not fall within any of the specific obligations or prohibitions imposed on the insured by the above clause. Consequently the active and passive obligations of the hospital are such only as can be

implied from the relation of the parties created by the language of that clause. *Maryland Casualty Co.* v. *Lamarre*, 83 N. H. 206, 208. See *Glade* v. *General Mut. Ins. Ass'n*, 216 Iowa 622. Its general tenor is to obligate the hospital not to intentionally and deliberately take any action which would substantially and materially affect adversely the defense, settlement or other handling of the claim in question by the insurer. *Maryland Casualty Co.* v. *Lamarre, supra; Employers Mut. Cas. Co.* v. *Nelson;* 109 N. H. 6; *Motorists Mutual Insurance Company* v. *Johnson*, 218 N. E. 2d 712, 717 ( Ind. App. 1966 ).

Cooperation of the insured with the insurer implies, not an abstract conformity to ideal conduct, but a pragmatic question to be determined in each case in the light of the particular facts and circumstances. *American Employers Ins. Co.* v. *Liberi*, 101 N. H. 480, 481; *Maryland Cas. Co.* v. *Coman*, 106 N. H. 364, 368; *Motorists Mutual Insurance Company* v. *Johnson, supra.*

The hospital's allegation that its contemplated action is in the best interest of Mark Ward must be taken as true on this transfer. *Burke* v. *City and County of San Francisco*, 65 Cal. Rptr. 539, 540. It is further alleged that this action is also instituted to relieve the hospital from a financial burden which in good conscience it is under duty to reduce or terminate. We find no contractual obligation which imposes on the hospital the duty to continue caring for Mark in its own facilities at its own expense. Furthermore there is nothing in the record before us which would support a finding that the intended action by the hospital to remove Mark to more suitable facilities would materially and substantially affect adversely INA's defense, settlement, or other handling of any claim resulting from the operation undergone by Mark Ward on November 3, 1958 in plaintiff's hospital.

The second sentence of the cooperation clause is designed to protect the insurer from liabilities voluntarily and unjustifiably assumed by the insured. If the plaintiff hospital's negligence caused the boy's condition, its liability for his damages will not be increased by any reasonable and justifiable effort to transfer him to other facilities; and the insurer's obligation to indemnify the hospital will not thereby be enlarged. If the plaintiff is under no liability for what brought about the child's condition, such a transfer can be no detriment to the insurer which is presumably obligated to defend any suit brought on the child's behalf arising

out of the events of November 3, 1958, whether groundless or not. Under either contingency, the hospital's proposed action will not constitute a breach of the cooperation clause of the policy.

Therefore we answer question No. 1 in the negative and hold that the contemplated attempt on the part of Portsmouth Hospital to remove Mark Ward to other facilities would not constitute a breach of the cooperation clause of the insurance policy.

*Remanded.*

All concurred.