Strafford,
No. 6345

ERIK WUELPER & a..

*v.*

UNIVERSITY OF NEW HAMPSHIRE.

December 29, 1972

472

*Perkins & Douglas* (*Mr. Charles G. Douglas III* orally) for the plaintiffs.

*Devine, Millimet, Stahl & Branch and Silas Little III* (*Mr. Joseph A. Millimet* orally) for the defendant.

LAMPRON, J. The only issue presented to this court is whether we should determine by declaratory judgment that the compulsory collection by the State university of a student activity tax which might be used to finance partisan or political off-campus speakers similar to the so-called "Chicago Three" would violate the constitutional guarantees of freedom of association of the four student plaintiffs or other students at the university.

Plaintiffs, on May 4, 1970, filed a petition in superior court seeking a temporary and permanent injunction restraining the university from releasing any funds obtained from its student activity tax to pay the fee or costs of speeches to be given at the university the next day by Abbot "Abbie" Hoffman, David Dellinger, and Jerry Rubin. Plaintiffs also sought a declaration that the use of those funds for that purpose would be an unconstitutional abridgement of their rights of free political association.

By agreement of counsel the amount of $1350, derived from this tax and voted by two student organizations to be used to pay those speakers, was deposited with the clerk of court. It is unnecessary for the purposes of the present decision, to detail the meetings, court proceedings and orders which preceded and followed the appearance and speeches of the above-named before several thousand students in the field house of the university on May 5, 1970.

Thereafter, on December 7, 1970, the university filed a motion seeking a refund of the $1350 deposited with the clerk on the grounds that the speakers in question had violated an order of the United States District Court and that their speeches when given were not authorized by the university. *See United States* v. *Wefers,* 314 F. Supp. 137 (D.N.H.), *rev'd,* 435 F.2d 826 (1st Cir. 1970). Plaintiffs filed a motion to amend their petition for declaratory judgment to cover the use of the activity tax to pay speakers *similar to* the "Chicago Three" and included a request that that issue be transferred to this court. The defendant filed a motion to dismiss on the grounds that no justiciable controversy existed and that plaintiffs' amended allegations were so vague, broad and indeterminate as to present no judicial standards for decision. The Court (*Loughlin,* J.) granted plaintiffs' motion to amend and transfer to this court, and also transferred, without ruling on an agreed statement of facts, defendant's motion to dismiss.

It is essential to point out, at the outset, that the appearance of the "Chicago Three" at the university on May 5, 1970, is now merely a prologue to these proceedings. We are not called upon, nor do we intend, to comment thereon except as it may be material to the decision of the issue presently before us. That issue, we repeat, is whether this court should determine by declaratory judgment if the use of student activity tax funds to pay off-campus speakers similar to the "Chicago Three" would violate the constitutional guarantee of freedom of association of those students who might oppose the speakers' views.

Declaratory relief before an actual wrong has occurred was unknown at common law. 22 Am. Jur. 2d Declaratory Judgments *s.* 3 (1965). However, most States, including our own, have enacted statutes permitting such relief. Our statute reads in part as follows: "RSA 491:22 Declaratory Judgments. Any person claiming a present legal equitable right or title may maintain a petition against any person claiming adversely to such right or title, to determine the question as between the parties, and the court's judgment or decree thereon shall be conclusive."

The adverse claim involved must be definite and concrete touching the legal relations of parties having adverse

interests. It cannot be based on a hypothetical state of facts. *Merchants Mut. & Co.* v. *Kennett,* 90 N.H. 253, 7 A.2d 249 (1939); *Villars* v. *Portsmouth,* 100 N.H. 453, 455, 129 A.2d 914, 916 (1957). Furthermore the controversy must be of a nature which will permit an intelligent and useful decision to be made through a decree of a conclusive character. *Portsmouth Hospital* v. *Indemnity Ins. Co.,* 109 N.H. 53, 56-57, 242 A.2d 398, 400 (1968); Borchard, Declaratory Judgments 41 (2d ed. 1941). The adverse claim alleged must not constitute a demand for advice as to future cases. *Piper* v. *Meredith,* 109 N.H. 328, 330, 251 A.2d 328, 329 (1969).

The defendant maintains that the issue presented by the plantiffs' petition for a declaratory judgment is moot since its subject matter, the $1350 from the student activity tax, has not and will not be used by the university to pay the "Chicago Three". A second ground for dismissal advanced by the university is that plaintiffs' petition was so vague and indefinite "as to present to the court no judicial standards on which a decision could be based."

As we have noted previously, the facts surrounding the May 5th speeches at the university are not in issue in this proceeding. By its very nature the problem which plaintiffs ask this court to resolve would involve us in speculation as to what future speakers might fall in the class of persons similar to the "Chicago Three". What factors should be determinative: Prior activities, demeanor, content and style of doctrines advocated, or a combination of these and other elements? Who should evaluate these unknown future speakers? Though one of the principal purposes for rendering declaratory judgments has been to avoid future litigation, a decree at this time on this record could only spawn controversy. *Herron* v. *Northwood,* 111 N.H. 324, 327, 282 A.2d 661, 663 (1971).

A decree in this case before us will have no legal effect on the visit of the "Chicago Three" at the university on May 5, 1970. Whatever declaratory decree we could fashion now would not conclusively determine any rights of the present litigants as required by our declaratory judgment statute. RSA 491:22. Plaintiffs' amended petition presents

no claim which would justify declaratory relief in these circumstances. *See Richardson* v. *Society,* 58 N.H. 187, 190 (1877). We hold, therefore, that the university's motion to dismiss should be granted.

*Remanded.*

All concurred.