Rockingham
No. 78-182

BEVERLY E. EVANS
CLIFFORD D. EVANS

v.

DOROTHY HALL
AND
TOWN OF EPPING

December 29, 1978

*Bernard J. Robertson*, of Exeter, by brief and orally, for the plaintiffs.

*Richard L. Russman*, of Exeter, by brief and orally, for defendant Hall.

DOUGLAS, J.   Plaintiffs allege in their writ that they were the prospective purchasers of a parcel of land in Epping, New Hampshire, and that in contemplation of purchasing the land they sought the assistance of the defendant in her capacity as a member and secretary of the Epping Planning Board. The plaintiffs assert that they reviewed their research as well as their plans for the purchase and use of the land with the defendant, and alleged that she owed a duty to the plaintiffs not to interfere with their prospective advantage in the purchase of the land, but that in disregard of this duty she approached the prospective seller and purchased the land. Defendant denies the allegations and filed a motion to dismiss, which was denied, and defendant's exceptions were transferred by *Loughlin*, C.J.

■■   In reviewing this matter on appeal we must assume that the facts alleged are true and determine if the declaration sets forth a cause of action or whether as a matter of law it should have been dismissed. *LaBonte v. National Gypsum Co.*, 110 N.H. 314, 269 A.2d 634 (1970). The declaration asserts that the defendant was a member of the planning board and served as its secretary and that it was in that capacity that the matter came to her attention. A duty not to misuse information has been created by our legislature in the enactment of RSA 643:2, which provides, in part, that a public servant is guilty of a misdemeanor if, "knowing that official action is contemplated or in reliance on information which he has acquired by virtue of his office" he acquires a "pecuniary interest in any property . . . which may be affected by such action or information. . . ." The purpose of this statute was to prevent government officials from using "inside" information for their own personal gain, and as such created a statutory conflict of interest provision enforceable either civilly or criminally. The legislature elsewhere recognized that real estate information may have to be withheld from the public under the right-to-know law so that people could not gain financially from contemplated municipal real estate transactions. *See* RSA 91-A:3 II(d); *Bradbury v. Shaw*, 116 N.H. 388, 389, 360 A.2d 123, 125 (1976).

■■   At common law we have previously held in the related area of conflict of interest that a conflict exists if an administrative official " 'votes on a matter in which he has a direct personal or pecuniary interest.' " *Atherton v. Concord*, 109 N.H. 164, 165, 245 A.2d 387, 388 (1968) (citations omitted). These considerations especially apply in cases where public officials may gain personally from their inside information. *See, e.g., Bursey v. Clement*, 118 N.H.

412, 387 A.2d 346 (1978). We hold that while the declaration could be amended to be more specific, it does allege a duty and a breach of that duty by a public servant as defined by RSA 640:2 II(a). Municipal officials may not abuse their office by using information gained in their official capacities for their own personal benefit, and a breach of that duty creates a cause of action.

*Exceptions overruled; remanded.*

All concurred.