Merrimack
Nos. 80-268
    80-344

KENNETH E. CURRAN, INC.

v.

AUCLAIR TRANSPORTATION, INC. & a.

June 10, 1981

*Alexander J. Kalinski,* of Manchester, and *Cleveland, Waters & Bass,* of Concord (*Alexander J. Kalinski* on the brief and *Robert T. Clark* orally), for the plaintiff.

*Sheehan, Phinney, Bass & Green,* of Manchester (*Bradford E. Cook* and *Susan L. Antone* on the brief and *Mr. Cook* orally), for the defendants Auclair Transportation, Inc., and Granite State Distributors, Inc.

*Gregory H. Smith,* acting attorney general (*James E. Townsend,* assistant attorney general, and *Michael D. Ruedig,* attorney, on the brief and orally), for the defendants Jean R. Wallin, Costas S. Ten-

tas and Lyle R. Hersom, as Chairman and Commissioners of the New Hampshire State Liquor Commission.

BROCK, J.  This is a bill in equity in which the plaintiff, Kenneth E. Curran, Inc., seeks to enjoin the State Liquor Commission from rejecting all bids submitted in response to a solicitation of bids for a public contract to transport liquor for the State and from readvertising the contract. In a related action, the plaintiff brought suit against Auclair Transportation, Inc., and Granite State Distributors, Inc., alleging a violation of this State's antitrust laws, RSA ch. 356 (Supp. 1979). The Superior Court (*Batchelder*, J.) dismissed the plaintiff's petition for injunctive relief against the State but refused to dismiss the antitrust actions against Auclair and Granite State. Both decisions were appealed to this court, and we affirm in each case.

On February 15, 1980, the liquor commission mailed to a number of transportation companies a formal solicitation of bids for a public contract to transport liquor and supplies to its liquor stores located throughout the State. The solicitation included a cover letter, an attachment setting forth the terms of the proposed contract and a list of required information to be submitted by the bidders. While the cover letter itself contained only a few general guidelines concerning the bidding procedure, it did state that "[t]he State reserves the right to waive any informality in or to reject any and all bids. Failure to furnish all information as requested may disqualify bid." Notwithstanding this warning, four of the five bids actually received were incomplete, including the plaintiff's.

The companies submitting bids were R. F. Zapora Transportation, Buckley's Egg Express, Inc., the two defendant companies, Auclair and Granite State, and the plaintiff. On March 3, 1980, in the presence of representatives from each of the five companies, the bids were opened. Almost immediately, the legal squabbling giving rise to this case commenced.

By letter dated the next day, March 4, 1980, the plaintiff's attorney invited the attention of the commission's chairman to numerous irregularities in the bids submitted by the other companies. A number of complaints were made by the plaintiff in that letter which ranged from pointing out that Granite State and Auclair were controlled by the same person to a complaint that some bidders expressed their cost estimates in dollars and cents per hundred pounds rather than cents per hundred pounds as requested in the bid documents. This letter spawned numerous other correspondence among attorneys for the bidders, the com-

mission and, finally, the attorney general's office, which recommended that all the bids be rejected and that the contract be readvertised. Following this advice, the commission readvertised the contract and the plaintiff filed its petition seeking to enjoin the commission from doing so.

■■ In *Gerard Construction Co. v. City of Manchester*, 120 N.H. 391, 398, 415 A.2d 1137, 1141 (1980), we implicitly recognized that public officials have broad discretion in deciding whether to reject *all* bids made on a public contract. *See also* 72 C.J.S. Supp. *Public Contracts* § 15 at 193 (1975). However, should public officials decide to accept any of the bids received on the proposed contract, their broad discretion to reject bids yields to the more ministerial function of determining the "lowest responsible bidder" who has complied with the terms of the solicitation. *See Gerard Construction Co. v. City of Manchester, supra* at 398, 415 A.2d at 1141; 72 C.J.S. Supp. *Public Contracts* § 16 (1975). Absent an allegation of fraud, corruption or improper motive, we are aware of no reason that the courts of this State should prohibit the sovereign from rejecting *all* bids received when it has expressly reserved the right to do so. *See Joseph Rugo, Inc. v. Henson*, 148 Conn. 430, 434, 171 A.2d 409, 411 (1961). When the contracting authority has reserved the right to reject all bids, and does so, no justiciable right of action accrues to the benefit of the bidders. *Id.* at 435, 171 A.2d at 411. Because the plaintiff concedes that the commission reserved the right to reject all bids and does not allege fraud, corruption or improper motive, the superior court properly dismissed the plaintiff's petition against the State, the liquor commission and the commissioners.

The final issue we consider is whether the superior court properly declined to dismiss the plaintiff's antitrust action against Auclair Transportation, Inc., and Granite State Distributors, Inc., both of whom submitted bids on the contract.

The plaintiff alleges that Granite State and Auclair are controlled by the same person, and it has submitted copies of documents on file in the Secretary of State's office which support this allegation. It is also alleged by the plaintiff that Auclair and Granite State each submitted bids on the proposed contract but that the Granite State bid was consistently lower for each location specified. With these and other allegations, the plaintiff claims that Granite State and Auclair violated the terms of RSA 356:2 II(e) (Supp. 1979). Under the provisions of this statute, "[e]very contract, combination, or conspiracy is unlawful which has the purpose or the effect of: . . . (e) [f]ixing or controlling the price quota-

tion of any bid for a public or private contract, submitting *sham or complementary bids*, or controlling the submission of bids including refusals to bid." (Emphasis added.)

■■ The defendants argue strenuously that they did not violate the statute and raise a number of factual defenses. In determining whether a motion to dismiss should have been granted, however, the allegations in the plaintiff's pleadings "are assumed to be true and the reasonable inferences therefrom are construed most favorably to the plaintiff." *Lawton v. Great Southwest Fire Ins. Co.*, 118 N.H. 607, 610, 392 A.2d 576, 578 (1978); *accord Evans v. Hall*, 118 N.H. 920, 921, 396 A.2d 334, 335 (1980); *LaBonte v. Nat'l Gypsum Co.*, 110 N.H. 314, 316, 269 A.2d 634, 636 (1970). Considered in this light, the plaintiff's allegations that Auclair and Granite State engaged in an attempt to fix or control the bid for a public contract by submitting a complementary bid are sufficient to withstand a motion to dismiss. Because RSA 356:11 (Supp. 1979) affords private parties the right to enforce RSA ch. 356 (Supp. 1979) by petitioning for an injunction and the plaintiff has pleaded "irreparable injury" based upon such a violation, the trial court, at this juncture of the proceedings, properly denied the defendants' motion to dismiss. *See Proulx v. Keene*, 102 N.H. 427, 158 A.2d 455 (1960).

*Exceptions overruled; affirmed;*
*No. 80-344 remanded.*

All concurred.