Rockingham
No. 81-215

SALEM COALITION FOR CAUTION, INC. *& a.*

v.

THE TOWN OF SALEM *& a.*

August 5, 1981

*Perkins, Upshall & Robinson P.A.*, of Concord (*Frederick E. Upshall* on the brief and orally), for the plaintiffs.

*Soule, Leslie, Bronstein & Zelin*, of Salem (*Lewis Soule* on the brief and orally), for the Town of Salem.

*Gregory H. Smith*, attorney general (*James E. Townsend*, assistant attorney general, on the brief and orally), for the New Hampshire Greyhound Racing Commission.

PER CURIAM. In this declaratory judgment action, the plaintiffs contend that Article II of the 1981 Salem Town Warrant was an improper article and the vote thereunder null and void. Specifically, the plaintiffs assert that RSA 284:15-c does not authorize the town to impose conditions upon its approval of the issuance of licenses to conduct dog race meets within its borders.

At the March 10, 1981, annual meeting, the Town of Salem voted on three warrant articles, and the votes thereon were as follows:

> "Article II. Do you approve the issuance of a license for holding dog race meets in Salem at a multi-element sports and entertainment complex which includes a multi-purpose indoor arena suitable for major league professional ice hockey, basketball, concerts and other large gatherings?"

VOTE: Yes—5,110, NO—3,193.

> "Article III. Are you in favor of approving the issuance of a license to conduct dog racing meets in the Town of Salem?"

VOTE: Yes—1,943, NO—4,272.

> "Article IV. To see whether, under RSA 284:15-c, the Town will vote to authorize the issuance of a license to conduct dog race meets in Salem by voting for one of the following questions:

> (VOTE FOR ONE)

> A) Do you favor the issuance of a license to hold dog race meets in Salem only upon condition that the licensee shall cause the Boston Bruins Hockey Club of

the National Hockey League to execute a long-term lease to play its home games in an arena to be built in Salem by the end of 1982?

B) Do you favor the issuance of a license to hold dog race meets in Salem even if the Bruins do not move to Salem?

C) Do you oppose the issuance of a license to hold dog race meets in Salem?"

VOTE: A) Yes—625, NO—263.
       B) Yes—451, NO—590.
       C) Yes—1,015, NO—193.

The threshold issue in this case is whether a justiciable controversy exists between the parties concerning the validity of Article II of the town warrant. We hold that the facts of this case make declaratory judgment inappropriate.

■■ The remedy of declaratory judgment is intended to grant relief from uncertainty concerning the status or legal rights existing between adverse parties. *Portsmouth Hospital v. Indemnity Ins. Co.*, 109 N.H. 53, 56, 242 A.2d 398, 400 (1968). It is intended to permit the resolution of controversies "before obligations are repudiated and rights invaded." *Id.* at 55, 242 A.2d at 400.

■ The adverse claim involved must be "definite and concrete touching the legal relations of parties having adverse interests." *Wuelper v. University of N.H.*, 112 N.H. 471, 473–74, 298 A.2d 747, 749 (1972). The action cannot be based on a hypothetical set of facts, *id.*, 298 A.2d at 749; *Villars v. Portsmouth*, 100 N.H. 453, 455, 129 A.2d 914, 916 (1957), and it cannot constitute a request for advice as to future cases. *Piper v. Meredith*, 109 N.H. 328, 330, 251 A.2d 328, 329 (1969). "Furthermore the controversy must be of a nature which will permit an intelligent and useful decision to be made through a decree of a conclusive character." *Wuelper v. University of N.H., supra* at 474, 298 A.2d at 749. *But see Beaudoin v. State*, 113 N.H. 559, 562, 311 A.2d 310, 313 (1973).

Article II approves the issuance of licenses to conduct dog race meets at "multi-purpose" entertainment complexes. According to the agreed statement of facts, no application for a license to conduct dog races has been made to the New Hampshire Greyhound Racing Commission, and it is possible that no such application will ever be made. Indeed, according to the parties, the selectmen of the Town of Salem have not yet even certified the results of the vote on Article II to the commission. Thus, in order for the plaintiffs to suffer any harm from the alleged unlawful activity of the

Town of Salem, a series of events which has not yet transpired must occur.

■ ■ While the petition raises interesting questions of law, in view of the posture of the case at this time any decision by this court on the merits of the plaintiffs' claim would simply constitute advice as to future cases, based upon a hypothetical set of facts arising out of questions II and IV, a and b. Actions for declaratory judgment should be confined to justiciable controversies of suffi- cient immediacy and reality as to warrant action by the courts.

In the event an application for a license is made in the future, a new petition for declaratory judgment may be filed.

*Dismissed.*

BOIS, BROCK and BATCHELDER, JJ., did not sit; LAMPRON, Ret. C.J., sat by special assignment.