Merrimack
No. 82-368

SILVER BROTHERS CO., INC. *& a.*

v.

JEAN WALLIN, COMMISSIONER
NEW HAMPSHIRE STATE LIQUOR COMMISSION, *& a.*

December 29, 1982

*McLane, Graf, Raulerson & Middleton P.A.,* of Manchester, and *Upton, Sanders & Smith,* of Concord (*Kenneth F. Graf, Wilbur A. Glahn, III,* and *Richard F. Upton* on the brief, and *Mr. Upton* orally), for the plaintiffs.

*Gregory H. Smith,* attorney general (*James E. Townsend,* assistant attorney general, on the brief and orally), for the defendants.

PER CURIAM. The plaintiffs in this interlocutory transfer from the Superior Court (*Souter*, J.) challenge the constitutionality of the three-year durational residency requirement imposed by RSA 181:9-a upon an applicant for a liquor wholesaler's permit. We dismiss the plaintiffs' petition for declaratory judgment because they lack standing to litigate the validity of the residency requirement.

The plaintiff Silver Brothers Co., Inc. (Silver Brothers) is a New Hampshire corporation engaged in the wholesale distribution of malt beverages throughout substantially all of the State. The plaintiffs Henry and Morris Silver, aged 82 and 85, respectively, are the sole shareholders of the corporation, each holding fifty percent of the capital stock. Because their stock holdings will comprise more than sixty percent of their respective estates, they desire to sell their interests in Silver Brothers in an effort to make their estate assets more liquid.

The plaintiff John J. Taylor, III, a legal resident of Massachusetts, is apparently willing to purchase Silver Brothers, provided he can qualify for a wholesaler's permit to distribute alcoholic beverages for resale in New Hampshire. *See* RSA 181:9-a. Although Taylor represents that he satisfies the qualifications for a permittee set forth in RSA 181:15 (Supp. 1981), at the present time he is ineligible to hold a wholesaler's license because he has not been a New Hampshire resident for three years, as required by RSA 181:9-a. Taylor asserts that he is willing to become a resident of this State.

The defendants, members of the New Hampshire State Liquor Commission, take the position that RSA 181:9-a prohibits them from issuing a wholesaler's permit to Taylor or to a corporation in which he has an interest, unless he has been a New Hampshire resident for three years.

The plaintiffs brought a petition for declaratory judgment in superior court, *see* RSA 491:22, claiming that RSA 181:9-a violates the commerce, privileges and immunities, due process, and equal protection clauses of the United States Constitution, as well as the due process and equal protection provisions of the New Hampshire Constitution. The superior court transferred the case to this court without ruling on the constitutional validity of the three-year residency requirement.

The defendants moved to dismiss the action on the grounds that the plaintiffs individually lacked standing to assert the unconstitutionality of RSA 181:9-a, and that the statute complied with the Federal and State Constitutions. Consequently, we must construe the alleged facts in the light most favorable to the

plaintiffs. *Kenneth E. Curran, Inc. v. Auclair Transp., Inc.*, 121 N.H. 451, 454, 431 A.2d 124, 126 (1981); *Evans v. Hall*, 118 N.H. 920, 921, 396 A.2d 334, 335 (1978).

The defendants claim that Silver Brothers and Henry and Morris Silver lack standing because, as State residents for more than three years, they would not be, and have not been, denied a wholesaler's permit. The defendants argue that these plaintiffs may not raise the constitutional claims of another. We agree.

■■ "A party will not be heard to question the validity of a law, or of any part of it, unless he shows that *some right of his* is impaired or prejudiced thereby." *State v. Roberts*, 74 N.H. 476, 480, 69 A. 722, 724 (1908) (emphasis added). These plaintiffs do not contend they were ever denied a wholesaler's permit for failure to satisfy the three-year residency requirement imposed by RSA 181:9-a. While it may be true that these plaintiffs have an economic stake in the statute possibly being ruled unconstitutional, given the present procedural posture of this case, we do not believe these plaintiffs have suffered the requisite injury in fact to entitle them to challenge the validity of RSA 181:9-a. *But see Weeks Restaurant Corp. v. City of Dover*, 119 N.H. 541, 542–44, 404 A.2d 294, 295–96 (1979); *New Hampshire Bankers Ass'n v. Nelson*, 113 N.H. 127, 129, 302 A.2d 810, 811–12 (1973).

Taylor and the other plaintiffs attack RSA 181:9-a by seeking a declaratory judgment under RSA 491:22. That statute, however, requires the petitioner to have a *"present* legal [or] equitable right." (Emphasis added.) The record shows that Taylor only consulted the defendants about the possibility of receiving a wholesaler's license and that no formal application has been made to the liquor commission.

■ In *Salem Coalition for Caution v. Town of Salem*, 121 N.H. 694, 433 A.2d 1297 (1981), we dismissed a petition for declaratory judgment that would have invalidated an article on the Salem Town Warrant regarding the licensing of dog-racing at a multi-purpose entertainment complex in the town. We noted there that an application for a dog-racing license had not been filed and that there was no assurance that one would ever be filed. We stated that, under the declaratory judgment statute, "[t]he adverse claim involved must be 'definite and concrete touching the legal relations of parties having adverse interests.' . . . The action cannot be based on a hypothetical set of facts . . . ." *Id.* at 696, 433 A.2d at 1299 (quoting *Wuelper v. University of N.H.*, 112 N.H. 471, 473–74, 298 A.2d 747, 749 (1972)). While any infirmity in RSA 181:9-a may warrant legislative inquiry, we find the facts of the instant case in-

distinguishable from those of the *Salem Coalition* case and hold that Taylor's interest is not sufficiently immediate to satisfy the requirements of the declaratory judgment statute.

*Petition dismissed.*