Merrimack
No. 85-438

TOWN OF ORFORD *& a.*

v.

NEW HAMPSHIRE AIR RESOURCES COMMISSION

October 2, 1986

*Lawrence F. Gardner,* of Hanover, by brief and orally, for the plaintiffs.

*Stephen E. Merrill,* attorney general (*George Dana Bisbee,* assistant attorney general, on the brief and orally), for the State.

BATCHELDER, J.   The plaintiffs challenge the validity of two administrative rules of the New Hampshire Air Resources Commis-

sion prohibiting the open burning of waste. After a hearing before a Master (*Robert E. Hinchey*, Esq.), the Trial Court (*Hollman*, J.) (*DiClerico*, J., on supplemental order) upheld the rules. We vacate the court's order and dismiss the action, on the ground that the plaintiffs failed to prove the existence of a justiciable controversy.

The plaintiffs are eight New Hampshire towns with populations of fewer than 1000. Each town traditionally has used open-burning dumps as a means of disposing of solid waste. Since 1968, State administrative rules have prohibited open burning, although small municipalities have been granted a series of extensions permitting them to continue the practice temporarily. The final extension period ended on September 30, 1983. *See* Laws 1982, 37:4.

Before that date, the plaintiffs began an action for declaratory judgment pursuant to RSA 541-A:7. Two rules adopted by the defendant, the New Hampshire Air Resources Commission, were the subject of the action. Rule Air 1001.01 prohibits "the burning of waste." Rule Air 1001.06 states that "[o]pen burning shall not be permitted at any . . . solid waste disposal area." Each rule provides for specific exceptions that are inapplicable here. The plaintiffs alleged that the rules would require them to increase their respective annual expenditures for waste disposal by up to 800 percent. They contended that in adopting the rules the commission (1) exceeded its statutory authority, *see* RSA ch. 125-C (Supp. 1985), and (2) exercised the police power in an unconstitutional manner, *see* N.H. CONST. pt. I, arts. 2, 12; *id*. pt. II, art. 5.

The parties presented evidence at a two-day hearing before the master. He rejected both of the plaintiffs' contentions and recommended that the court uphold the rules. The superior court approved the recommendations, and this appeal followed.

The plaintiffs' principal argument on appeal is that the master erred in concluding that the commission had not exceeded its statutory authority. This argument proceeds as follows:

(1) The commission has the power "to adopt, amend or repeal rules . . . for the prevention, control, abatement and limitation of *air pollution*," RSA 125-C:4 (Supp. 1985) (emphasis added);

(2) "Air pollution" is defined as

"the presence in the outdoor atmosphere of one or more contaminants or any combination thereof in sufficient quantities and of such characteristics and duration as are or are likely to be injurious to public welfare, to the health of human, plant, or animal life, or cause damage to property or create a disagreeable or unnatural odor or

obscure visibility or which unreasonably interfere with the enjoyment of life and property,"

RSA 125-C:2, III (Supp. 1985);

(3) Some of the emissions from open-burning dumps constitute "air pollution" within the meaning of the statute, and are subject to the commission's authority;

(4) On the other hand, some of these emissions are so sparse that they do not constitute "air pollution," and hence are beyond the regulatory reach of the commission;

(5) The challenged rules, however, prohibit all open burning, including open burning that does not result in air pollution; and

(6) Therefore, although the commission would be justified in establishing "quantitative and durational" standards governing open burning, the "flat prohibition" now in effect is invalid.

The plaintiffs' second argument is that they have standing to assert the constitutional rights of their citizens, and that the challenged rules, as applied to open-burning dumps that do not cause air pollution, violate certain of these rights.

Were we to reach them, we would have little difficulty disposing of these arguments on the basis of the term "prevention" in the enabling statute, RSA 125-C:4 (Supp. 1985), and the reasoning expressed in *Vermont Board of Health v. Town of Waterbury*, 129 Vt. 168, 274 A.2d 495 (1970) (upholding regulation prohibiting open burning). We have no occasion to decide the merits of this case, however, because the plaintiffs have failed to demonstrate that the challenged portion of the rules applies to them.

RSA 541-A:7 states in part:

"The validity or applicability of a rule may be determined in an action for declaratory judgment in the Merrimack county superior court if it is alleged that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff."

The statute on its face requires only that a plaintiff challenging the validity of a rule *allege* that the rule impairs or interferes with a right or privilege. However, we do not construe it as dispensing with the usual requirement in declaratory judgment actions that a plaintiff establish facts from which the trial court may determine that an actual controversy exists. *See Millett v.*

*Hoisting Engineers' Licensing Division,* 119 R.I. 285, 291–93, 377 A.2d 229, 233–34 (1977). Such a construction would run afoul of the constitutional principle that the judicial power ordinarily does not include the power to issue advisory opinions. *See In re School-Law Manual,* 63 N.H. 574, 576, 4 A. 878, 879–80 (1886). A declaratory judgment action cannot be based on a hypothetical set of facts, or constitute a request for advice as to future cases. *Salem Coalition for Caution v. Town of Salem,* 121 N.H. 694, 696, 433 A.2d 1297, 1299 (1981); *Wuelper v. University of New Hampshire,* 112 N.H. 471, 474, 298 A.2d 747, 749 (1972). We hold that, where the applicability of a rule is in dispute, RSA 541-A:7 requires a plaintiff challenging the validity of the rule to *prove* "that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair," his "legal rights or privileges."

In the instant case the plaintiffs have conceded that the rules are valid to the extent that they apply to open-burning dumps that emit "air pollution" as defined in the statute. Their sole challenge is to the rules as applied to dumps that do not cause air pollution. This challenge therefore must be based on the premise that *their* dumps do not cause air pollution. In order to satisfy principles of justiciability, the plaintiffs were required to prove this premise. They were not entitled to declaratory relief based merely on the hypothetical existence of an open-burning dump that could operate without emitting air pollution. *See Hammontree v. Hawley,* 57 N.E.2d 319 (Ohio Ct. App.), *appeal dismissed,* 142 Ohio St. 389, 52 N.E.2d 346 (1943); *cf. Silver Brothers Co. v. Wallin,* 122 N.H. 1138, 455 A.2d 1011 (1982); *State v. Harvey,* 106 N.H. 446, 213 A.2d 428 (1965).

■ The plaintiffs alleged in their petition that their dumps did not cause air pollution. The commission in its answer denied this allegation. The effect of the denial was to create a threshold issue for trial as to which the plaintiffs bore the burden of proof. In a declaratory judgment action, "where facts must be ascertained in order to determine the legal right, the factual issues will be tried." *Faulkner v. City of Keene,* 85 N.H. 147, 155, 155 A. 195, 200 (1931).

■ The plaintiffs introduced testimony regarding the abstract possibility that open-burning dumps can be operated without causing violations of the New Hampshire ambient air quality standards, N.H. ADMIN. RULES, ch. Air 300. However, the plaintiffs offered no evidence regarding the actual operation of their dumps, the nature of the emissions the dumps cause, or the effect the dumps have on the environment. The commission introduced considerable evidence that the plaintiffs' dumps caused air pollution.

The master found that the plaintiffs "[had] not submitted evidence that small town open dump burning is not air pollution under the statutory definition," and had failed to meet their burden of proof on this issue. The record amply supports these findings. Accordingly, we hold that the plaintiffs did not demonstrate the existence of a justiciable controversy. Instead of deciding the case on the merits, the trial court should have dismissed the petition.

*Order vacated; petition for declaratory judgment dismissed.*

All concurred.