Hillsborough-northern judicial district
No. 93-021

JOSEPH ANGLIN

v.

THOMAS J. KLEEMAN, M.D., & a.

October 3, 1995

*Burns, Bryant, Hinchey, Cox & Schulte, P.A.*, of Dover (*Paul R. Cox* and *Christine M. Rockefeller* on the brief, and *Ms. Rockefeller* orally), for the plaintiff.

*Ransmeier & Spellman*, of Concord (*Steven E. Hengen* and *R. Stevenson Upton* on the joint brief, and *Mr. Hengen* orally), for defendant Thomas J. Kleeman, M.D., and for New Hampshire Medical Society, as *amicus curiae*.

*Wadleigh, Starr, Peters, Dunn & Chiesa,* of Manchester (*Robert E. Murphy, Jr.* on the brief and orally), for defendant Elliot Hospital.

New Hampshire Orthopaedic Surgery, P.A., filed no brief.

THAYER, J. The plaintiff, Joseph Anglin, brought a medical malpractice action. A jury verdict in Superior Court (*Hollman,* J.) was entered in favor of defendant Thomas J. Kleeman, M.D., and his employer, New Hampshire Orthopaedic Surgery, P.A., but against defendant Elliot Hospital (Elliot), in the amount of $50,000. The plaintiff appeals all of the verdicts. We affirm.

On July 31, 1987, the plaintiff underwent reconstructive knee surgery for damage resulting from a basketball injury. The surgery was performed by Dr. Kleeman and another surgeon at Elliot Hospital. Approximately six months later, the plaintiff again underwent surgery to remove a four by eighteen inch lap sponge that had been left in his knee during the original surgery.

The plaintiff brought claims of medical negligence and breach of contract or warranty against Dr. Kleeman and his employer, N.H. Orthopaedic. The plaintiff alleged that N.H. Orthopaedic was vicariously liable for the actions of its employee, Dr. Kleeman. As the plaintiff made no independent claims against N.H. Orthopaedic, we need only address his claims against Dr. Kleeman.

The plaintiff also brought a claim of medical negligence against Elliot. All of the claims were tried before a jury. At the close of the evidence, the trial court ruled that the damages available on the plaintiff's breach of contract or warranty actions would be the same as those for the malpractice claims. The plaintiff, therefore, withdrew his breach of contract or warranty actions and excepted to the trial court's ruling regarding the damages available for those claims. The jury returned a verdict for Dr. Kleeman, and against Elliot in the amount of $50,000. The plaintiff filed a variety of post-trial motions, all of which were denied by the trial court.

On appeal, the plaintiff argues that RSA chapter 507-E, which governs medical injury actions, is unconstitutional as applied in this case because it deprived him of equal protection of the law. Specifically, the plaintiff argues that the chapter as applied: (1) deprived him of his breach of contract or warranty actions against Dr. Kleeman; (2) prevented the trial court from giving certain jury instructions regarding negligence; and (3) resulted in the use of an improper special verdict form. Additionally, the plaintiff argues that the court erred by instructing the jury regarding mitigation of damages. Finally, the plaintiff argues that the verdict for Dr.

Kleeman and the damage award against Elliot are against the clear weight of the evidence and should be set aside.

This court has "a strong policy against reaching a constitutional issue in a case that can be decided on a nonconstitutional ground." *State v. Hodgkiss*, 132 N.H. 376, 379, 565 A.2d 1059, 1061 (1989). Therefore, before addressing the constitutionality of RSA chapter 507-E, we determine whether the results reached by the trial court would have been the same in the absence of the medical injury statute. If so, we will uphold the trial court even if it may have reached the right result on mistaken grounds. *See Town of Tilton v. State*, 137 N.H. 463, 467, 629 A.2d 791, 794 (1993).

The plaintiff argues that the trial court's rulings regarding the damages available under the chapter deprived him of a medical contract or warranty cause of action in violation of the State Constitution. Assuming, *arguendo*, that the trial court's interpretation of the chapter was unconstitutional, the plaintiff would still not succeed in his appeal if, as a matter of law, there was insufficient evidence to establish that a medical contract or warranty existed. *See Silver Brothers, Inc. v. Wallin*, 122 N.H. 1138, 1140, 455 A.2d 1011, 1012 (1982) (law may not be challenged unless some right is impaired or injured).

■ Whether a contract or warranty of medical services existed is initially a question of law for the trial court to decide. *Hawkins v. McGee*, 84 N.H. 114, 116, 146 A. 641, 643 (1929). Statements of opinion regarding the result of a medical procedure will not impose contractual liability even if they ultimately prove incorrect. *Id.* at 115, 146 A. at 643. In this case, the plaintiff testified he was told that the "operation could give me a knee that was stronger than . . . before," and that following surgery "if [he] was committed, [he] would be able to play ball again." The language quoted by the plaintiff does not rise to the level required by *Hawkins* to allow a finding of a contract or warranty to cure by a physician. *Id.* at 115–16, 146 A. at 642–43. Additionally, unlike the doctor in *Hawkins*, Dr. Kleeman did not solicit or request that he be allowed to perform the plaintiff's surgery. *Id.* at 116, 146 A. at 643. In fact, the plaintiff testified that Dr. Kleeman had informed him that he could have another surgeon perform the surgery, and the plaintiff did consult another surgeon prior to agreeing to surgery.

■■ The statements attributed to Dr. Kleeman "could only be construed as expressions of opinion or predictions as to the probable duration of the treatment and plaintiff's resulting disability[;] . . . the fact that these estimates were exceeded . . . impose[s] no contractual liability upon the defendant." *Id.* at 115, 146 A. at 643.

Therefore, the trial court's rulings did not deprive the plaintiff of a cause of action, and as a result, the plaintiff has suffered no constitutional injury regardless of the constitutionality of RSA chapter 507-E. *Silver Brothers, Inc.*, 122 N.H. at 1140, 455 A.2d at 1012.

The plaintiff next argues that the trial court erred by failing to instruct the jury regarding negligence *per se*, presumption of negligence, and *res ipsa loquitur*, as to defendant Dr. Kleeman. The plaintiff's argument rests on the premise that leaving a foreign body in a patient following surgery is inherently negligent, and that the trial court should have found Dr. Kleeman negligent as a matter of law.

We need not consider the propriety of a *res ipsa loquitur* instruction in this case because the plaintiff "did not request this instruction in the trial court. We will therefore not consider it here." *State v. Burley*, 137 N.H. 286, 291, 627 A.2d 98, 101 (1993).

As to the plaintiff's other requests, we find no error in the court's rulings. "Ordinarily, negligence will not be presumed or inferred from the fact of injury." 8 R. MCNAMARA, NEW HAMPSHIRE PRACTICE, PERSONAL INJURY § 139, at 151 (1988). "[T]he plaintiff retains the ultimate burden of persuasion in negligence actions." *Pillsbury-Flood v. Portsmouth Hosp.*, 128 N.H. 299, 304, 512 A.2d 1126, 1129 (1986). "Negligence is a fact for the plaintiff to prove by a preponderance of the evidence; a fact for the jury to find or not, without any presumption of law one way or the other." *Boucher v. Railroad*, 76 N.H. 91, 93, 79 A. 993, 994 (1911) (quotation omitted).

■ In support of his position, the plaintiff cites to cases that consider a surgeon the "captain of the ship" and therefore liable whenever a foreign object is retained within a patient regardless of the surgeon's own negligence. The plaintiff in effect urges this court to adopt a theory of strict liability for surgeons in cases involving foreign objects retained in an incision. The plaintiff's argument is not persuasive. Under New Hampshire law, strict liability is available only "where the Legislature has provided for it . . . or [in] those situations where the common law of this state has imposed such liability and the Legislature has not seen fit to change it." *Moulton v. Groveton Papers Co.*, 112 N.H. 50, 53, 289 A.2d 68, 71 (1972) (quotation omitted) (rejecting tort standard of strict liability for ultrahazardous activity); *see also Johnston v. Lynch*, 133 N.H. 79, 86, 574 A.2d 934, 938 (1990) (rejecting strict liability for collisions between motorists and children); 8 MCNAMARA, *supra* § 106, at 102. The plaintiff has pointed to no legislation or common law that would support the imposition of strict liability in this case.

The plaintiff has pointed to no reason to extend that doctrine to the case before us. In modern medicine, the surgeon is a member of a team of professionals, and we see no reason why the surgeon should be deemed responsible for the actions of other professionals neither employed nor controlled by him. *See Thomas v. Raleigh General Hosp.*, 358 S.E.2d 222, 224-25 (W. Va. 1987).

The plaintiff next seeks to challenge the special verdict form. Although he claims to have objected to the form used by the trial court, the record contains no such objection. Nor did the plaintiff present a proposed special verdict form to the trial court. "We will not review an issue on appeal that has not been raised before the trial court by a timely objection." *Chadwick v. CSI, Ltd.*, 137 N.H. 515, 520, 629 A.2d 820, 824 (1993).

■ The plaintiff argues that the trial court erred in denying his motion for judgment notwithstanding the verdict because the verdict in favor of Dr. Kleeman was against the clear weight of the evidence. "In deciding a motion for judgment notwithstanding the verdict, the trial judge must construe the evidence and all reasonable inferences most favorably to the party opposing the motion." *Phillips v. Verax Corp.*, 138 N.H. 240, 246, 637 A.2d 906, 911 (1994). The motion will be granted only when the evidence "so overwhelmingly favors the moving party that no contrary verdict" could stand. *Id.* (quotation omitted).

The trial court did not err in denying the plaintiff's motion. A surgical nurse testified that she had incorrectly informed Dr. Kleeman that all sponges had been counted. Defense expert Dr. H. James Forbes testified that it was not a breach of the standard of care for Dr. Kleeman to rely on the nurse's representation. Additionally, the plaintiff's expert and another defense expert testified that it was not improper for a surgeon to rely on a sponge count. Finally, Dr. Forbes testified that it was not a breach of the standard of care for Dr. Kleeman to fail to recognize the retained sponge on the postoperative X-ray. The plaintiff presented expert testimony that contradicted some of these assertions, but the jury was free to reject that testimony in whole or in part. *Johnson v. Nash*, 131 N.H. 731, 734, 559 A.2d 842, 844 (1989). From the evidence presented, the jury could reasonably conclude that Dr. Kleeman's conduct was not negligent. Therefore, the trial court properly denied the plaintiff's motion.

■ The plaintiff argues that the trial court should not have instructed the jury regarding mitigation of damages because Elliot failed to raise it as an affirmative defense prior to trial. We disagree.

The instruction stated that the jury "should not include in [the] verdict such damages, if any, which . . . the plaintiff could have avoided by reasonable effort, without undue risk or expense." While characterized as a mitigation instruction, it is more accurately described as an instruction on the doctrine of avoidable consequences, which is a specific type of mitigation. *See Smith v. Cote*, 128 N.H. 231, 243, 513 A.2d 341, 349 (1986). "This doctrine states that a party cannot recover damages flowing from consequences which that party could reasonably have avoided." 22 AM. JUR. 2D *Damages* § 495, at 579 (1988). The doctrine "is not an affirmative defense that must be specially pleaded to let in evidence of that failure and to entitle the wrongdoer to proper instructions." *Id.* The defendant, therefore, was not barred from raising a claim that the plaintiff's actions relative to treatment resulted in otherwise avoidable injury.

■ The plaintiff also argues that the trial court erred in giving the disputed instruction because there was no evidence to support a claim of failure to mitigate. "It is the duty of the Trial Court to fully and correctly instruct the jury as to the law applicable to the case." *Peterson v. Gray*, 137 N.H. 374, 377, 628 A.2d 244, 246 (1993) (quotation, brackets and ellipses omitted). The standard for determining whether an incorrect jury instruction is reversible error is "whether the jury *could have been misled* into basing its verdict on a misperception of the law." *Id.* (quotation omitted). On appeal, we examine the entire jury charge to determine if it "fairly presented the case to the jury in such a manner that no injustice was done to the legal rights of the litigants." *Id.* (quotation omitted).

The jury instruction as given simply contained an accurate statement of the law. Plaintiffs have a duty to act reasonably to avoid loss. *See Emery v. Caledonia Sand and Gravel Co.*, 117 N.H. 441, 448, 374 A.2d 929, 933–34 (1977); *Murray v. Boston & Maine R. R.*, 107 N.H. 367, 375, 224 A.2d 66, 72 (1966). Therefore, we do not find that the jury could have been misled by the inclusion of the instruction.

The plaintiff also argues that the trial court should have instructed the jury that the defendant bore the burden of showing that the plaintiff had failed to mitigate his damages. This question was not raised in the plaintiff's notice of appeal, or added by the plaintiff pursuant to Supreme Court Rule 16(3)(b). It therefore will not be addressed on appeal. *State v. Peterson*, 135 N.H. 713, 714–15, 609 A.2d 749, 751 (1992).

■ The plaintiff next argues that the trial court should have set aside the judgment against Elliot because the damage award was unreasonably low. "A jury verdict may be set aside (1) if it is

conclusively against the weight of the evidence, or (2) if it is the result of mistake, partiality, or corruption separate and apart from evidentiary considerations." *Breagy v. Stark*, 138 N.H. 479, 486, 642 A.2d 329, 334 (1994). The plaintiff raises issues solely under the first prong. The plaintiff argues that in light of the "overwhelming" evidence of medical expenses, pain and suffering, and other damages, the jury's award was conclusively against the weight of the evidence. Substantial evidence, however, contradicted the plaintiff's damage claims. Experts testified that no permanent damage to the plaintiff's knee was traceable to the retained sponge, and that neither the retained sponge nor the second surgery substantially impeded his recovery. The jury's verdict was not conclusively against the weight of the evidence; therefore, the trial court did not err in refusing to set it aside. *Breagy*, 138 N.H. at 486, 642 A.2d at 334.

*Affirmed.*

BATCHELDER, J., concurred specially; the others concurred.

BATCHELDER, J., concurring specially: The plaintiff challenges the constitutionality of RSA chapter 507-E. Because I would reach the constitutional issue in this case, I concur in the result only. *See* J. BISHOP, COMMENTARIES ON THE WRITTEN LAWS AND THEIR INTERPRETATION § 35, at 32 (1882) (when a cause "involving a constitutional question" is squarely presented, the court "must interpret the constitution as to it . . . .").