# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0543, <u>John R. Griffin, Jr. v. New Hampshire Department of Corrections</u>, the court on June 13, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The plaintiff, John R. Griffin, Jr., appeals an order of the Superior Court (<u>Kissinger</u>, J.) dismissing his complaint against the defendant, the New Hampshire Department of Corrections (department), for failure to state a claim upon which relief may be granted.  We construe his brief to argue that the trial court erred by ruling that his complaint did not state cognizable claims for declaratory relief that the department's enforcement of an "unwritten rule" violated the Administrative Procedure Act (APA), <u>see</u> RSA ch. 541-A (2007 & Supp. 2018), and his federal constitutional right to due process.

In reviewing an order granting a motion to dismiss, we assume the well-pleaded allegations of fact in the complaint to be true, and draw all reasonable inferences from those facts in the plaintiff's favor.  <u>Estate of Mortner v. Thompson</u>, 170 N.H. 625, 631 (2018).  We also consider documents attached to the pleadings, documents the authenticity of which the parties do not dispute, official public records, and documents referred to in the complaint.  <u>Ojo v. Lorenzo</u>, 164 N.H. 717, 721 (2013).  We do not, however, credit allegations in the complaint that are merely conclusions of law.  <u>Mortner</u>, 170 N.H. at 631.  We then engage in a threshold inquiry that tests the facts in the complaint against the applicable law, and determine whether the allegations are reasonably susceptible of a construction that would permit recovery.  <u>Id</u>.

The record on appeal establishes that in March 2016, the plaintiff was released on parole after having served the minimum portion of a New Hampshire State Prison sentence.  In June 2016, he was recommitted to the state prison for a period of six months for certain violations of the conditions of his parole.  In November 2016, the plaintiff was again granted parole, conditioned upon approval of a housing plan.  The plaintiff was unable to secure approved housing, however, and beginning in 2017, he directed several communications to representatives of the department seeking to be transferred to a "halfway house."  In response, department representatives notified the plaintiff that, because he was a "parole violator," he was not eligible to have his custody level classification, <u>see</u> <u>N.H. Admin. R.</u>, Cor 403.03(b) (setting forth five

custody levels for persons under department control), reduced to a level that would allow his placement in a halfway house. A department representative admitted, however, that there was no administrative rule specifically prohibiting placement of a parole violator in a halfway house.

Nevertheless, on June 29, 2017, the department changed the plaintiff's custody level classification from "C-3," which required him to "live[], work[], recreate[], and participate[] in treatment with the general population of a departmental facility," to "C-2," a classification allowing him to work in the community. Id., Cor 403.03(b)(2)&(3). The plaintiff was then housed in the Concord Transitional Work Center. On November 2, 2017, the department again changed his custody level classification to "C-1," allowing him to "work, recreate, and receive treatment in the community." Id., Cor 403.03(b)(1). He was then moved to the North End Transitional Halfway House.

On December 20, 2017, the plaintiff failed to return to the halfway house when he was required to do so. He was subsequently placed on "escape" status, apprehended, and returned to prison, and his custody level was raised back to C-3. In the course of a disciplinary investigation by the department, the plaintiff admitted his guilt to the offense, and in April 2018, a grand jury returned an indictment charging him with escape, see RSA 642:6 (Supp. 2018). The plaintiff subsequently filed the present action, seeking a declaratory judgment pursuant to RSA 541-A:24 that the department violates the APA and due process by enforcing unwritten rules, including an alleged unwritten rule that parole violators are ineligible for reduced custody or a reduction in custody level classification. The department moved to dismiss, arguing in part that, pursuant to a published department rule, the plaintiff's escape required his return to prison and increase in custody level. See N.H. Admin. R., Cor 307.08(d) (providing that a person "who is placed in escape status at a transitional housing unit shall upon return to custody be returned to prison and not returned to the transitional housing unit, at least until the incident is resolved"). The trial court granted the motion, and this appeal followed.

An administrative agency's enforcement of a "rule" that has not been properly promulgated pursuant to the APA may be challenged under RSA 541-A:24, which provides, in relevant part:

> The validity or applicability of a rule may be determined in an action for declaratory judgment in the Merrimack county superior court if it is alleged that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff. . . .

RSA 541-A:24; see Asmussen v. Comm'r, N.H. Dep't of Safety, 145 N.H. 578, 586-87 (2000). Under this statute, the plaintiff is affirmatively obligated to "prove that the rule, or its threatened application, interferes with or impairs, or

2

threatens to interfere with or impair, his legal rights or privileges." <u>Asmussen</u>, 145 N.H. at 587 (quotation omitted). If a plaintiff is not threatened with the application of an allegedly unwritten rule, the plaintiff lacks standing to challenge it under RSA 541-A:24. <u>See</u> <u>id</u>. at 588.

In this case, the only alleged rule that the plaintiff is challenging on appeal is a purported rule "that parole violators cannot . . . move through the classification system . . . [and] move to [a halfway] House." Construed most favorably to the plaintiff, however, the allegations in the complaint, the documents attached to the pleadings, and the official public records establish that: (1) notwithstanding his status as a parole violator, the department ultimately placed the plaintiff in a halfway house; and (2) at the time of the complaint, the department's refusal to place the plaintiff in a halfway house was based on the escape, not his status as a parole violator. The plaintiff has not challenged the validity or applicability of <u>N.H. Admin. R.</u>, Cor 307.08(d), the rule that the department argues required his placement in prison. Nor has he alleged any facts establishing that the department is presently refusing to place him in a halfway house because he is a parole violator.

Under these circumstances, the plaintiff has not established that the alleged rule he seeks to challenge interferes with or impairs, or threatens to interfere with or impair, <u>his</u> legal rights or privileges. <u>See</u> <u>Asmussen</u>, 145 N.H. at 588. Accordingly, we conclude that the plaintiff lacks standing to challenge the validity of the alleged rule, either on constitutional grounds or on the basis that it was not properly adopted under the APA, and that the trial court did not err by granting the motion to dismiss. <u>See</u> <u>id</u>.; <u>see</u> <u>also</u> <u>Town of Orford v. N.H. Air Resources Comm.</u>, 128 N.H. 539, 541-42 (1986).

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**

3