# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2024-0039, <u>Vin Jawa v. Safeco Insurance Company of America & a.</u>, the court on September 10, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, Vin Jawa, appeals the order of the Circuit Court (<u>Stephen</u>, J.), following a hearing, denying his small claim against the defendant, Safeco Insurance Company of America.[1] He argues that the trial court erred in finding that the defendant was not negligent in its insurance practices relating to his claims. We affirm.

According to the plaintiff, a utility company installed a faulty transformer that damaged appliances and caused a small fire in property that he owns. The plaintiff alleged that the defendant, his insurance company, negligently released its subrogation rights against the utility before the plaintiff submitted claims totaling $1,066.11. As a result, although the defendant paid the claims, the plaintiff's insurance premium increased.

The court found that the plaintiff failed to show that the defendant breached its duty to the plaintiff, or that any such breach caused the damages he claimed. The court also found that the plaintiff failed to mitigate his damages. The issue of whether the defendant acted negligently is a question of fact for the trial court to determine based upon all the evidence. <u>See</u> <u>Anglin v. Kleeman</u>, 140 N.H. 257, 261 (1995). It is the burden of the appealing party, here the plaintiff, to provide this court with a record sufficient to decide his issues on appeal. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see</u> <u>also</u> <u>Sup. Ct. R.</u> 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion.").

Although the plaintiff argues that the trial court's factual findings are contrary to the evidence, he has not provided a transcript of the December 6, 2023 hearing on the merits. Absent a transcript, we must assume that the evidence supported the trial court's findings. <u>See</u> <u>Atwood v. Owens</u>, 142 N.H.

---

[1] The plaintiff does not appeal the trial court's order dismissing his claim against his insurance agent, Jessica Kane d/b/a Kane Insurance.

396, 396 (1997); <u>see</u> <u>also</u>, <u>e.g.</u>, <u>Town of Nottingham v. Newman</u>, 147 N.H. 131, 137 (2001) (rules of appellate practice not relaxed for self-represented litigants).

The trial court noted that although the plaintiff sought $9,500 in damages, his actual damages were much lower. We do not construe the court's order to suggest that the plaintiff suffered any prejudice as a result of his claim for exemplary and punitive damages. <u>See</u> <u>In the Matter of Salesky & Salesky</u>, 157 N.H. 698, 702 (2008) (interpretation of trial court order presents a question of law for this court).

<u>Affirmed</u>.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**